**Ruth N. WELTMANN, Plaintiff,**

v.

**James C. FLETCHER et al., Defendants.**

**No. C74–64.**

United States District Court,
N. D. Ohio, E. D.

May 27, 1976.

Leonard F. Lybarger, Rudd, Karl, Sheerer, Lybarger & Campbell Co., L.P.A., Cleveland, Ohio, for plaintiffs.

Patricia H. Trainor, New York City, for N.O.W., Legal Defense & Education Fund, Inc.

Richard J. French, Joseph A. Cipollone, Asst. U. S. Attys., Cleveland, Ohio, for defendants.

## ORDER

MANOS, District Judge.

On October 17, 1975 the plaintiff, Ruth Weltmann, filed her Amended Complaint charging the National Aeronautics and Space Administration (N.A.S.A.) and four Commissioners of the United States Civil Service Commission with unlawfully discharging her from her job as an Aerospace Engineer during a reduction in forces which occurred at N.A.S.A.'s Lewis Research Center at Cleveland, Ohio in 1973. The plaintiff alleges that she was discharged without Due Process in violation of the Fifth Amendment to the United States Constitution. She also alleges that she was terminated because of her sex, in violation of 42 U.S.C. § 2000e–16; 42 U.S.C. § 2000e–5. She also claims that N.A.S.A. was required to administratively investigate her charges of systemic sex discrimination before terminating her, and that it refused to do so.[1] The plaintiff seeks an order granting her reinstatement to her former position, back pay and fringe benefits, costs, attorneys fees, and an injunction compelling the defendants to administratively investigate class allegations of unlawful governmental employment discrimination together with individual allegations of discrimination. Compare, 5 C.F.R. §§ 713.217, 713.218, 713.-251.

The case is now before this Court on the plaintiff's motion to transfer this litigation to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a) which provides:

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The first concern of the court in a § 1404(a) proceeding is whether the action "might have been brought," in the first instance in the transferee district.[2] See *Continental Grain Co. v. Barge F.B.L.–585,* 364 U.S. 19, 22, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *Hoffman v. Blaski,* 363 U.S. 335, 343–44, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). In this case the government correctly concedes that the plaintiff could have originally brought her action in the District of Columbia. The plaintiff invokes federal jurisdiction under 42 U.S.C. § 2000e–16(c) which provides that a federal employee "may file a civil action as provided in Section 2000(e)–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant," as well as 28 U.S.C. § 1331 (federal question involving more than $10,000). Venue is proper in the District of Columbia for the plaintiff's action because that district contains the principal office of N.A.

---

1. The plaintiff contends that under 5 C.F.R. §§ 713.217, 713.218, 713.251, N.A.S.A. and the Civil Service Commission improperly refused to investigate allegations of unlawful governmental employment discrimination against specified classes when the class member who makes the charge of class discrimination also makes a charge of individual discrimination. In *Barrett et al. v. Civil Service Commission et al.,* 69 F.R.D. 544 (D.C., 1975), Judge Richey of the District of Columbia adopted the position of the plaintiff, ruled these specific regulations

insufficient under 42 U.S.C. §§ 2000e *et seq,.* and ordered the Civil Service Commission to modify its regulations.

2. The plaintiff is not bound by his choice of forum and he may move for a change of venue under 28 U.S.C. § 1404(a) if he discovers a good reason for transfer after filing his complaint. See *Philip Carey Manufacturing Company v. Taylor,* 286 F.2d 782, 784 (6th Cir., 1961).

S.A. and its Chief Administrator, defendant Fletcher. Title 42 U.S.C. § 2000e–5(f)(3) pertinently states:

> "For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."

Since the plaintiff's suit originally met the jurisdictional and venue prerequisites for filing in the District of Columbia, this Court has discretion to order the suit transferred to that forum. See *Continental Grain Co., supra,* 364 U.S. at 22, 80 S.Ct. 1470, and *Hoffman, supra,* 363 U.S. at 343–44, 80 S.Ct. 1084.

■ The plaintiff urges this Court to exercise its discretion to transfer her case to Washington, D. C. so that it may be joined with two allegedly similar cases pending in that district. The alleged similarity between her case and the two cases pending in Washington, D. C. is the primary reason offered by the plaintiff to justify the transfer.[3]

The two allegedly related cases are *Barrett et al. v. Civil Service Commission et al.,* 69 F.R.D. 544 (D.C., 1975), and *M.E.A.N., et al. v. James C. Fletcher, Administrator, et al.* (D.C., Case No. 74–1832).

■ The pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue. *See Schneider v. Sears,* 265 F.Supp. 257, 266–67 (S.D.N.Y., 1967); *Continental Grain Co. v. Barge F.B.L.–585,* 364 U.S. 19,

26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent."); *Blanning v. Tisch,* 378 F.Supp. 1058, 1061 (E.D.Pa., 1974); *Henry I. Siegel Co. v. Koratron Co.,* 311 F.Supp. 697, 700–01 (S.D.N.Y., 1970); *Maxlow v. Leighton,* 325 F.Supp. 913, 915–16 (E.D.Pa., 1971); *General State Authority of Pennsylvania v. Aetna Casualty and Surety Co.,* 314 F.Supp. 422, 424 (S.D.N.Y., 1970); *Firmani v. Clarke,* 325 F.Supp. 689, 693 (D.Del., 1971); *Thomson and McKinnon v. Minyard,* 291 F.Supp. 573, 577 (S.D.N.Y., 1968); *Schlusselberg v. Werly,* 274 F.Supp. 758, 764 (S.D.N.Y., 1967); *Rodgers v. Northwest Airlines, Inc.,* 202 F.Supp. 309, 312–13 (S.D.N.Y., 1962); *Blender v. Sibley,* 396 F.Supp. 300, 304–305 (E.D.Pa., 1975). However, *Barrett* and *M.E.A.N.* are not similar or related cases to plaintiff Weltmann's case.

In *Barrett* two employees of the Lyndon B. Johnson Space Center of N.A.S.A. allege racial discrimination and one of two additionally alleges sex discrimination. Plaintiffs in that case claim that their failure to obtain higher ranking positions was predicated on unlawful discrimination. They also allege that merit promotion plans at N.A.S.A. are defective and that the United States Civil Service Commission regulations regarding administrative class actions are inappropriate. The plaintiff stresses that her action asserts that the Civil Service

---

**3.** The plaintiff also claims that this case should be transferred because many of the witnesses she expects to call, including several of the defendants, reside in the Washington, D. C. area. However the mere fact the plaintiff wishes to call witnesses who reside in Washington, without a concomitant showing that those witnesses will either not attend or will be severely inconvenienced if the litigation proceeds in the Cleveland forum, is not sufficient reason for this Court to order the case transferred to Washington. Significantly, the defendant-witnesses, from whom the plaintiff expects to elicit testimony, appear ready, willing, and able to testify in Cleveland when the need arises.

The plaintiff also suggests that this case will be expedited if it is transferred to the Washington docket. This claim lacks merit because the plaintiff has not shown that the Washington docket contains a significantly smaller case load, or that the Washington Court will resolve this case faster than this Court. Significantly, the two cases currently pending in Washington which the plaintiff claims are similar to hers were filed in November and December of 1974 and are still far from resolution. See *Barrett et al. v. Civil Service Commission et al.,* 69 F.R.D. 544 (D.C., 1975); *M.E.A.N., et al. v. James C. Fletcher, et al.* (D.C., Case No. 74–1832).

Commission regulations are defective[4] and she also claims sex discrimination, but the similarity on these two points is eclipsed by the differences.

The District Court in *Barrett* has already required the Civil Service Commission to amend its regulations diminishing the force of the plaintiff's argument that her action should be transferred in the interest of justice. The change in the applicable regulations will inure to the benefit of all N.A.S.A. employees and the transfer of this case to that district would have no bearing on plaintiff's request for prospective, injunctive relief ordering a change in the regulations which delineate the scope of administrative review of employment discrimination claims.[5] See *Barrett, supra* at 552. Plaintiff Weltmann's second claim of similarity is that both actions allege sex discrimination. But that similarity is highly superficial. The facts of both cases contain significant dissimilarities. In *Barrett* the sex discrimination claim appears secondary to the race allegation. Plaintiff Gloria A. Williams, of the *Barrett* case, a black female, alleges low level assignments and denial of a specific promised promotion. In contrast plaintiff Weltmann asserts discrimination at a N.A.S.A. Center many miles from the situs of the *Barrett* case. Plaintiff Weltmann alleges discrimination in her reduction in force separation as opposed to a failure of promotion in *Barrett*. Thus Weltmann's specific allegations are different from those in *Barrett*, likewise the time, location and parties are significantly different. Despite these differences, plaintiff Weltmann argues that the United States District Court for the District of Columbia will allow consolidation under its Local Rule 3–4(a)(2), which provides:

"(2) Civil cases are deemed related when they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent."

Obviously, *Weltmann* does not involve "common property" or "common issues of fact" as required by the applicable Local Rule. Therefore, *Barrett* is not a case which is sufficiently similar to plaintiff Weltmann's case to justify transfer under § 1404(a) on the theory that it will be joined with *Barrett* under the District of Columbia's related case rule.

The plaintiff also suggests that *M.E.A.N.,* *supra,* which is currently pending with *Barrett,* is sufficiently related to plaintiff Weltmann's case to justify transfer. However, *M.E.A.N.* is fundamentally different from *Weltmann.* *M.E.A.N.* charges discrimination with respect to recruitment, compensation, promotions and assignments. In contrast, plaintiff Weltmann alleges discrimination in her reduction in force separation. *M.E.A.N.* challenges discrimination allegedly practiced against black employees, including black female employees. The named female plaintiffs in *M.E.A.N.* are black females. In view of *M.E.A.N.*'s concern with race discrimination the court in that case certified a class composed of *only black* employees of N.A.S.A.[6] Plaintiff Weltmann does not claim that she is black.

4. See Footnote 1, *supra.*

5. The *Barrett* decision regarding the invalidity of 5 C.F.R. §§ 713.217, 713.218, 713.251 stands as a precedent which this Court is free to apply in assessing the validity of the administrative proceedings conducted in Ms. Weltmann's case. While the precedential value of *Barrett* to the plaintiff's case is one factor to consider in assessing the plaintiff's assertion that her case is related to those pending in the proposed transferee district, that factor, standing alone, is not conclusive of the relatedness question. If the precedential value of cases which are simultaneously pending in different districts conclusively established that the cases were related for purposes of 28 U.S.C. § 1404 then litigants would incessantly seek to transfer pending litigation to the forum which had issued the most favorable interlocutory ruling. Such a view of the related case doctrine of *Schneider v. Sears,* 265 F.Supp. 257, 266–67 (S.D.N.Y., 1967), (see other cases cited in text), would permit § 1404 to become a vehicle for forum shopping in its most obnoxious mode.

6. The District Court's order in *M.E.A.N., et al. v. Civil Service Administration, et al.,* Case No. 74–1832 (D.C., December 10, 1975), restricted the class to "all past, present, and future black employees of N.A.S.A. and N.A.S.A. Headquarters."

Transfer of this case to the District of Columbia would not serve the interests of justice. The issues and discriminatory conduct involved in the class actions of *Barrett* and *M.E.A.N.* differ significantly from plaintiff Weltmann's individual allegations of discrimination. The plaintiff, who does not make class action allegations, charges that a specific occurrence, her separation, which occurred in Cleveland, Ohio, was predicated on her sex. A transfer of this case to the District of Columbia where pending litigation arises from circumstances in Houston, Texas and Washington, D. C. would not serve justice nor judicial economy. Plaintiff's individual allegations of sex discrimination in her discharge need specific resolution, and that task can best be accomplished where the cause of action accrued.[7]

Since the plaintiff has failed to establish her primary argument that her action is related to *Barrett* and *M.E.A.N.*, her motion to transfer her case to the District of Columbia is denied.

IT IS SO ORDERED.

---

7. The record reveals that in an August 8, 1975 ruling an order was issued disallowing: (1) the plaintiff's class allegation; (2) the plaintiff's motion for a trial *de novo* following the administrative hearing; (3) the plaintiff's claim that she was denied Fifth Amendment Due Process by virtue of the unlawful administrative structure erected by 5 C.F.R. §§ 713.217, 713.218, 713.251. Subsequent to the August 8, 1975 ruling against the plaintiff on the three above denominated issues, Judge Richey handed down his opinion in *Barrett et al. v. Civil Service Commission,* 69 F.R.D. 544, in which he (1) allowed two class action employment discrimination suits against N.A.S.A.; (2) declared that 5 C.F.R. §§ 713.217, 713.218, 713.251, among others, failed to properly implement 42 U.S.C. §§ 2000e *et seq.* The Court also notes that the issue of *de novo* judicial review of administrative decisions is currently before the United States Supreme Court. See *Chandler v. Roudebush,* 542 F.2d 531 (9th Cir., 1975), cert. granted, 423 U.S. 821, 96 S.Ct. 34, 46 L.Ed.2d 37, oral argument heard, 44 U.S.L.W. 3578. In view of the startling developments subsequent to the August 8, 1975 ruling and today's decision not to transfer this case to the district where *Barrett* is currently pending, this Court, in the interest of fairness to the plaintiff, will entertain *motions with respect to the three* above delineated issues if the plaintiff desires to file such motions within thirty days from the entry of this order.