**Francis Rick FERRI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE et al., Respondents.**

Civ. No. 76–1512.

United States District Court,
M. D. Pennsylvania.

Jan. 14, 1977.

MEMORANDUM

NEALON, District Judge.

Plaintiff, Francis Rick Ferri, an inmate at the federal prison at Lewisburg, filed the above-captioned suit on November 24, 1976, in the United States District Court for the District of Columbia pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., seeking the disclosure of records from the United States Department of Justice, the United States Department of the Treasury, the United States Postal Department, and the Internal Revenue Service. Permission to proceed in forma pauperis was granted, and the Court ordered Ferri on November 30, 1976, to show cause why this suit should not be transferred to the Middle District of Pennsylvania, rule returnable December 20, 1976. After Ferri submitted a letter stating that he had no objection to the transfer, the Court entered an order on December 8, 1976, directing the Clerk to transfer the suit to the Middle District of Pennsylvania. The suit was filed in the Middle District on December 13, 1976. For the reasons set out in the following paragraphs, this Court will transfer this suit back to the United States District Court for the District of Columbia.

5 U.S.C. § 552(a)(4)(B) provides that "(o)n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or *in which the agency records are situated, or in the District of Columbia, has jurisdiction* to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant". Inasmuch as Ferri is an inmate at Lewisburg he is arguably a resident of Pennsylvania and, therefore, the Middle District has jurisdiction over this suit. However, since all agency records are located in the District of Columbia, and because the District of Columbia is designated as having jurisdiction in all suits of this nature, it too has jurisdiction.

Since both the District of Columbia and the Middle District of Pennsylvania

Francis Rick Ferri, pro se.

appear to have jurisdiction over this suit, the question becomes which forum is more convenient. Title 28 U.S.C. § 1404(a) permits a district court to transfer a civil action to another district where it might have been brought if either the convenience of parties, or witnesses, or the interests of justice dictate. However, in deciding to transfer a case, the district court's discretion is not limited to the three factors specifically mentioned in § 1404(a). 15 Wright, Miller & Cooper, Federal Practice and Procedure, *Jurisdiction* § 3847. Each case turns on its own individual facts, *see Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and courts are vested with wide discretion. *Plum Trees, Inc. v. Stockment,* 488 F.2d 754 (3d Cir. 1973).

The United States Court of Appeals for the District of Columbia in *Starnes v. McGuire,* 168 U.S.App.D.C. 4, 512 F.2d 918 (1974) set out several "factors that generally will be relevant to a decision to transfer a particular prisoner petition under 28 U.S.C. § 1404(a) . . ." 168 U.S.App. D.C. at 15, 512 F.2d at 929. Although that case involved petitions by federal prisoners for writs of mandamus, the factors appear to be relevant to a suit filed by a prisoner pursuant to the Freedom of Information Act.

One factor named by the Court in *Starnes v. McGuire,* 168 U.S.App.D.C. at 17, 512 F.2d at 931, was the availability of files. Prior to initiating this suit, Ferri made numerous administrative inquiries of personnel in the above-mentioned agencies whose principal offices are located in Washington, D. C. All inquiries were directed to attorneys in the D.C. offices who drafted and forwarded their replies to Ferri. It thus appears that all the information Ferri seeks is located in Washington and that any factual inquiries can be more easily pursued there. This is especially so since the persons most knowledgeable about the information and the offices which will have to defend this suit are located in D.C. Hence, communications between the Court and the defendants would be more open and direct

if the suit were tried in D.C. In fact, the only connection that the Middle District has with this suit is that Ferri is an inmate at Lewisburg. Moreover, since Ferri may be transferred from that institution at any time, this interest is tenuous and does not outweigh the fact that all the files and administrative agencies are located in Washington. Apparently Ferri recognized this fact because he originally filed this suit with the United States District Court for the District of Columbia. And while "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request", *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 25 (3d Cir. 1970), the order transferring the suit gave no reason for it except Ferri's failure to object.

Another factor mentioned in *Starnes v. McGuire,* 168 U.S.App.D.C. at 15–16, 512 F.2d at 929–930, is the difficulty of communication with counsel. As the Court well pointed out, should a case be litigated in the District of Columbia on behalf of a prisoner in a distant prison, the attorney would be necessarily limited to the time-consuming and inefficient communication provided by letters. Of course, the appointment of counsel is discretionary and need not be exercised in the absence of unusual circumstances. *Cook v. Bounds,* 518 F.2d 779 (4th Cir. 1975). More importantly, Ferri has not filed a motion for the appointment of counsel, and as the record amply demonstrates, he appears quite capable of representing himself. Furthermore, if a hearing is ultimately required in this case it may be easier to transport Ferri to the District of Columbia or transport him to an institution in that area rather than bring government witnesses familiar with the files to the Lewisburg area.

Speed of final resolution is another factor going toward whether a case should be transferred. *Starnes v. McGuire,* 168 U.S. App.D.C. at 18, 512 F.2d at 932. This involves a look at the respective dockets of the transferor and transferee courts. *See, e. g., Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975). The 1976 Management Sta-

tistics for United States Courts indicate that, in fiscal year 1976, 224 case filings per Judge were made in the United States District Court for the District of Columbia while 475 were filed in this District. With the death of Chief Judge Michael Sheridan on August 23, 1976 this figure has increased to 633. In light of the docket congestion in the Middle District and the statutory command of 5 U.S.C. § 552(a)(4)(D) that suits of this nature are to "take precedence on the docket over all cases and shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way", the interests of justice would be better served if the suit was adjudicated in the District of Columbia.

To summarize, since all the administrative proceedings prior to this action occurred in Washington, and inasmuch as the information and persons most knowledgeable are also located there, facilitating communications between the defendants and the Court, and inasmuch as the Middle District's connection with the suit is tentative and that no benefit would be derived from trying the suit here, and inasmuch as there is already heavy docket congestion in the Middle District an order will be entered transferring this suit back to the United States District Court for the District of Columbia.