**Else Watson HITE, Plaintiff,**

v.

**NORWEGIAN CARIBBEAN LINES, Defendant.**

**Civ. A. No. 82–71789.**

United States District Court, E.D. Michigan, S.D.

Nov. 18, 1982.

---

D. Michael O'Bryan, The Jacques Admiralty Law Firm, Detroit, Mich., for plaintiff.

John D. Mabley, Kevin S. Hendrick, Hill, ·Lewis, Adams, Goodrich & Tait, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

### INTRODUCTION

This action, for the reasons discussed herein, will be transferred to the United States District Court for the Western Dis-

trict of Michigan, pursuant to 28 U.S.C. § 1404(a).[1]

## PROCEDURAL HISTORY

Plaintiff Else Watson Hite filed her complaint in this action on July 27, 1981 in the State of Michigan's Wayne County Circuit Court. Plaintiff brought this action "in accordance with the provisions of the General Admiralty and Maritime Law," seeking damages, under a negligence theory, for personal injuries allegedly sustained when she fell over a doorsill on defendant Norwegian Caribbean Lines' vessel. Defendant removed the cause to this court on August 18, 1981.

Defendant filed a motion for summary judgment on December 10, 1981 alleging that plaintiff's suit is barred by the doctrine of laches, by the applicable federal statute of limitations, and by a contractual limitation of remedy.

On February 22, 1982, this court ordered the parties to show cause why the action should not be transferred to the United States District Court for the Western District of Michigan. Plaintiff, in response to the court's order, filed a brief contending that venue was proper in this district on March 2, 1982. On March 3, 1982 defendant filed a brief with an attached affidavit and exhibit arguing that any transfer of venue would be premature, but that if venue is to be transferred, it must be to the Southern District of Florida. The court heard oral argument by both parties regarding the court's order to show cause on March 8, 1982. At the conclusion of oral argument, the court delivered an opinion from the bench ruling that the cause would be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Western District of Michigan, and directed the parties to present an order consistent with that ruling. This court made specific findings of fact at that hearing which are set forth verbatim below, justifying its decision to transfer. On March 19, 1982 the court entered an order, approved as to form only by the parties, that transferred venue of this action to the Western District of Michigan.

On April 23, 1982, this time in the Western District of Michigan, defendant again moved for summary judgment or, alternatively, for change of venue to the Southern District of Florida. Plaintiff filed her response in opposition to defendant's motion on May 3, 1982. On May 6, 1982 the Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, entered a memorandum opinion and order transferring the action back to the Eastern District of Michigan. *Hite v. Norwegian Caribbean Lines,* K82–64 (W.D. Mich. May 6, 1982).

## DISCUSSION

Plaintiff's complaint, originally filed in the State of Michigan's Wayne County Circuit Court, alleges that this action is brought in accordance with provisions of "General Admiralty and Maritime Law." Plaintiff is apparently referring to the "Savings to Suitors" clause, 28 U.S.C. § 1333(1), which "... excepts from the exclusive admiralty or maritime jurisdiction of the United States District Courts all cases in which suits may be brought to obtain other than admiralty remedies to which suitors are 'otherwise entitled.'" *Paduano v. Yamashita Kisen Kabushiki Kaisha,* 221 F.2d 615, 617 (2d Cir.1955). Under this clause plaintiff was able to commence a common law negligence action arising out of an accident on a ship at sea in state court, and was not restricted to the exclusive jurisdiction of the federal district courts over admiralty or maritime actions.

Actions commenced in state court under the Savings to Suitors clause, however, may be removed under 28 U.S.C. § 1441(a) to federal district court provided the parties are of diverse citizenship, and the amount in controversy requirement is

---

1. 28 U.S.C. § 1404(a) provides:

   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

met. C. Wright, Law of Federal Courts § 38, at 152 (3d ed. 1976); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3674, at 298 & n. 6 (1976). In addition, as in all diversity removal cases, no defendant in the action may be a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). Here it appears from the removal petition,[2] which was not disputed by plaintiff, that both jurisdictional requirements were met, and that defendant is not a citizen of Michigan. According to the petition, plaintiff is a citizen of Michigan, and defendant is a corporation incorporated under the laws of Norway having its principal place of business in Florida. Defendant, for purposes of diversity jurisdiction, is thus a citizen of Florida. 28 U.S.C. § 1332(c). Plaintiff seeks $500,000.00 in damages.

■ Venue for a removed action is the federal district court "... for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See, Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Here, since the Eastern District of Michigan embraces Wayne County, Michigan, and since the action was pending in Michigan's Wayne County Circuit Court when defendant filed its removal petition, the action was properly removed to the United States District Court for the Eastern District of Michigan, Southern Division. *Id.*

■ A civil action properly removed can be transferred to a more convenient forum pursuant to 28 U.S.C. § 1404(a). 1A J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.157[8], at 123 and cases cited n. 15 (2d ed. 1982). Although it is usually one of the parties that moves to transfer the action under 28 U.S.C. § 1404(a), the court may order transfer *sua sponte* provided the parties are first given the opportunity to argue their views on the issue. *See, Starnes v. McGuire,* 512 F.2d 918, 933–34

(D.C.Cir.1974) (en banc); *Fine v. McGuire,* 433 F.2d 499, 501 (D.C.Cir.1970); *National Acceptance Co. of America v. Wechsler,* 489 F.Supp. 642, 649 (N.D.Ill.1980); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411, 418 (S.D.Ga.1979); *Donald v. Seamans,* 427 F.Supp. 32, 32–33 (E.D.Tenn.1976); *Stanley Works v. Globemaster, Inc.,* 400 F.Supp. 1325, 1338 (D.Mass.1975); *Monsanto Co. v. United Gas Pipe Line Co.,* 360 F.Supp. 1054, 1056 (D.D.C.1973). Judge McGowan, speaking for the District Court of Columbia Circuit sitting en banc in *Starnes v. McGuire,* said:

> This should not be taken to imply, however, that it is normally appropriate for the district judge to order transfer *sua sponte* without benefit of the parties' views. Where neither party has requested transfer, it would appear that the forum is preferred by both. Accordingly, before ordering transfer the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a).

512 F.2d at 934 (footnote omitted).

This court, as previously discussed above, ordered the parties to show cause why the action should not be transferred to the Western District of Michigan, considered the briefs of both parties on this issue, and heard oral argument. Only then did the court deliver the following opinion from the bench:

> The Court will transfer the lawsuit pursuant to 28 USC § 1404(a) to the Western District of Michigan. It appears that the injury of which the plaintiff complains occurred on the high seas; that the plaintiff is a citizen of Michigan and a resident of Kalamazoo; that the witnesses are all in Kalamazoo, Michigan, that is the plain-

---

**2.** Here we look to the removal petition, rather than plaintiff's complaint, to determine the citizenship of the parties, because the complaint fails to state plaintiff's citizenship·or residency, and as to defendant merely states that it "... is a corporation engaged in and carry- [sic] on business in Michigan, including but not limited to the County of Wayne, State of Michigan.

tiff's husband, the plaintiff's daughter, and her treating physician; that the plaintiff bought her cruise ticket in Kalamazoo, Michigan from a travel agent representing the defendant there; the defendant is doing business, if at all in Michigan, there in Kalamazoo. So the case will be transferred to Kalamazoo. Present an order.

■ It is well settled that the district courts have wide discretion to transfer an action to a different district or division, where it might have been brought, for the convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a). *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

The limiting phrase "where it might have been brought," contained in 28 U.S.C. § 1404(a), refers to the district(s) where federal venue law allows an action to be brought. *Van Dusen v. Barrack,* 376 U.S. 612, 616–26, 84 S.Ct. 805, 809–14, 11 L.Ed.2d 945 (1964). A diversity action "... may be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). The residence of a corporation, for venue purposes, is the judicial district where it is incorporated, or licensed to do business, or is doing business. 28 U.S.C. § 1391(c). Plaintiff is a resident of the Western District of Michigan. Defendant is a corporation incorporated under the laws of Norway, has its principal place of business in the Southern District of Florida, and is doing business, if at all in Michigan, in the Western District of Michigan. Defendant, therefore, is a resident of the Southern District of Florida, and possibly is a resident of the Western District of Michigan, for venue purposes. The claim arose on the high seas. Since it is undisputed by the parties that plaintiff resides in the Western District of Michigan, it is clear that this action "might have been brought" in that district, within the meaning of 28 U.S.C. § 1391(a).

■ Our next consideration is whether the court, in the exercise of its discretion, should transfer the action to the Western District of Michigan for the convenience of parties and witnesses and in the interests of justice. Factors relevant to this question include: "(1) the convenience to parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice would be advanced by a transfer." *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967) (J. Wienfeld) (footnotes omitted). The United States Supreme Court has said that the district court may look to any consideration which may render trial "easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ Application of these considerations to the instant case leads this court, again, to transfer this action to the Western District of Michigan. On May 8, 1982, this court made certain findings which are set forth verbatim above. Since that date the parties have brought nothing to the court's attention that warrants any additional or contrary findings. This lawsuit has only two connections with this judicial district. First, plaintiff filed her complaint in the State of Michigan's Wayne County Circuit Court. Second, counsel for both parties practice law in Wayne County, Michigan. Neither connection with this district, however, persuades this court, in the exercise of its discretion, that this action should not be transferred to the Western District of Michigan, for the convenience of parties and witnesses, and in the interests of justice. As to the first connection, although the United States Supreme Court has said that "... plaintiff's choice of forum should rarely be disturbed," *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), plaintiff, here, did not choose

this court as her forum. Rather, plaintiff chose Wayne County Circuit Court as her forum.[3] Plaintiff's claim came before this court only after defendant removed the action to this court. Moreover, plaintiff could not have brought her action in this court even if she wanted to. Neither party resides in this judicial district, and the claim did not arise here. *See,* 28 U.S.C. § 1391(a). As to the second connection, the convenience of counsel is not a relevant factor under 28 U.S.C. § 1404(a). *See, e.g., Moran v. Vermeer Mfg. Co.,* 498 F.Supp. 1274, 1281 (W.D.Mo.1980); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707, 710 and cases cited n. 15 (S.D.N.Y.1973); *Greyhound Computer Corp. v. Int'l. Business Machines Corp.,* 342 F.Supp. 1143, 1146 (D.Minn.1972). Therefore, this court finds that since plaintiff resides in the Western District of Michigan; defendant, if it does business at all in Michigan, does business in the Western District of Michigan; plaintiff bought her cruise ticket from defendant in the Western District of Michigan; the injury plaintiff complains of occurred on the high seas; and the witnesses, plaintiff's husband and daughter, and plaintiff's treating physician, all reside in the Western District of Michigan; the convenience of the parties and witnesses, and the interests of justice would best be served by transferring this action to the Western District of Michigan, pursuant to 28 U.S.C. § 1404(a).

Judge Enslen's opinion transferring this action from the Western District of Michigan back to the Eastern District concludes that the action was "summarily transferred" to the Western District, that "[t]he record fails to disclose the reasons for this transfer," and that the order "does not discuss the balancing process which a court must engage before transfer is effected." *Hite v. Norwegian Caribbean Lines,* K 82–64, slip op. at 2 (W.D.Mich. May 6, 1982). Judge Enslen concluded (because the case

was filed here) that plaintiff is a resident of the Eastern District of Michigan, and that, therefore, the action could not be maintained in the Western District based upon plaintiff's residence, under 28 U.S.C. § 1391(a). *Id.* at 3. This conclusion was based on the following: "... Plaintiff chose the Eastern District of Michigan as her forum thereby raising the strong inference that plaintiff currently resides in said district, ..." *Id.*

Judge Enslen further concluded that the Western District cannot be regarded as defendant's residence for venue purposes for two reasons. First, because: "... it appears that a disputed question of fact exists as to whether the defendant is doing business in the Eastern District of Michigan as opposed to the admission that the company has made that it is doing business in the Southern District of Florida." *Id.* Second, "... neither party avers that defendant is doing business within this district [Western District] and thus it is obvious that this district cannot be regarded as the residence of the defendant for venue purposes." *Id.*

This court regrets the delay experienced by the parties to this action. The March 19, 1982 order of this court transferring the action to the Western District of Michigan indicates that the transfer was initiated pursuant to the court's order to show cause, and that the court heard oral argument on the matter. It does not state, however, that the order was entered for the reasons stated by the court, on the record, on May 8, 1982. Perhaps if it had, Judge Enslen would have examined a transcript of the May 8, 1982 hearing before rendering his opinion and ordering the action transferred back to this district.

This court, after reading Judge Enslen's opinion, again noticed the matter for hearing and asked the parties why they did not

---

**3.** Judge Enslen was "constrained to conclude" on the basis of the record before him and upon plaintiff's choice of forums, that plaintiff was or is a resident of the Eastern District. *Hite v. Norwegian Caribbean Lines,* K82–64, Slip Op. at p. 3 (W.D.Mich. May 6, 1982). Although we find it unnecessary to draw such a conclusion

because plaintiff freely admits that it was and is a resident of the Western District, we note that one possible explanation of plaintiff's choice of forums is the large jury verdicts that are often rendered in negligence cases tried in Wayne County Circuit Court, before which her counsel practices.

inform him that this court made findings and gave reasons before transferring the action to the Western District. In response, the parties represented to this court that no hearing had been held, they were not afforded an opportunity to state their views on the matter, and thus were not able to inform Judge Enslen of this court's reasons.

This court is mindful of the admonition given by Judge Leahy in the much quoted case of *Gulf Research & Development Co. v. Schlumberger Well Surveying Corp.,* 98 F.Supp. 198, 200–01 (D.Del.1951) (footnotes omitted), *aff'd,* 193 F.2d 302 (3d Cir.), *aff'd,* by an equally divided court *per curiam* 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 668 (1952):

> I conclude that though I may have the independent power to review Judge Harrison's determination in order to retransfer the case to California, I should not re-examine the question of venue which Judge Harrison decided under the particular circumstances of the case at bar. * * . . ., I do not think it meet or proper that I review Judge Harrison's decision on the merits. To do so would be a usurpation of an appellate function; and on at least one other occasion I have refused to so act. Though counsel for plaintiffs and defendant have addressed themselves both in their briefs and oral argument to the merits of Judge Harrison's holding on the venue question, all of the contentions on the merits were before Judge Harrison. It is now for an appellate court—not for me—to correct any error, if error there be, in his opinion. It is not only the principle of comity and the fact that Judge Harrison's opinion may be likened, at this stage, to the "law of the case" which compels me to this conclusion, but, what seems of most importance to me are considerations for the orderly functioning of the judicial process. If I should grant plaintiff's motion and say, in effect, to Judge Harrison, "You were wrong in transferring this case to Delaware," I do not think he, in turn, would be any more bound to take and try the case on the merits, thereby respecting my views, then I had shown myself to be in ignoring his considered judgment. If both Judge Harrison and I were obdurate in our positions, this case could conceivably shuttle back and forth interminably between California and Delaware. Such an eventuality should be avoided.

Compare *Technitrol, Inc. v. McManus,* 405 F.2d 84, 88–89 (8th Cir.1968) (court of appeals denies petition for writ of mandamus which sought to compel district court to retransfer case where transferee district court was of the view that retransfer would be tantamount to reviewing the transferor district court's order "thus constituting a usurpation of appellate function and interference with orderly judicial process") and *Rinaldi v. The Elisabeth Bakke,* 107 F.Supp. 975, 976 (N.D.Cal.1952) (transferee California district court declines to assume role of appellate court under principle of comity and to advance the orderly functioning of the judicial process and refuses to retransfer action to New York district court) and *Devex Corp. v. General Motors Corp.,* 263 F.Supp. 17, 23 (D.Del.1967) (transferee district court declines to retransfer case under rationale that "courts of coordinate jurisdiction should not usurp an essentially appellate function and pass upon the correctness of discretionary transfer orders") with *Ferri v. United States Dept. of Justice,* 441 F.Supp. 404 (M.D.Pa.1977) (transferee Pennsylvania district court retransfers action back to transferor District of Columbia district court) and *Buhl v. Jeffes,* 435 F.Supp. 1149 (M.D.Pa.1977) (transferee district court concludes that transfer was improper under 28 U.S.C. § 1406(a) and retransfers action back to transferor district court in Eastern District) and *Ferri v. United Aircraft Corp.,* 357 F.Supp. 814 (D.Conn. 1973) (transferee Connecticut district court retransfers action back to transferor Florida district court.) *See also, Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (transfer orders not *res judicata*). Here, however, based upon Judge Enslen's opinion and order, and upon the representations of the parties, we assume that the parties were not afforded an opportunity to state their views on this matter. Given that assumption, we believe

that if the parties had been afforded such an opportunity they would have informed Judge Enslen of the basis of this court's transfer order, and that had Judge Enslen been so informed he would not have transferred this action back to this court.

## CONCLUSION

For the foregoing reasons, this court will transfer this action to the United States District Court for the Western District of Michigan, fifteen (15) days from the entry of this Memorandum Opinion and Order. This fifteen (15) day interim period will afford either party who seeks review of this transfer an opportunity to petition the United States Court of Appeals for the Sixth Circuit for a writ of mandamus before an actual physical transfer of the file. *See, Goranson v. Kloeb,* 308 F.2d 655, 656 (6th Cir.1962) (review of transfer order by way of petition for writ of mandamus); *Pennsylvania Railroad Co. v. Connell,* 295 F.2d 32 (6th Cir.1961) (review of denial of motion to transfer by way of petition for writ of mandamus); *Philip Carey Mfg. Co. v. Taylor,* 286 F.2d 782, 784 (6th Cir.1961) (petition for writ of mandamus proper procedure for reviewing transfer order), *cert. denied,* 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The case of *Else Watson Hite v. Norwegian Caribbean Lines,* Civil Nos. 81–72974 and 82–71789, is transferred to the United States District Court for the Western District of Michigan.

2. The Clerk of the Court of the United States District Court for the Eastern District of Michigan shall send the entire record in this case to the Clerk of the Court of the United States District Court for the Western District of Michigan fifteen (15) days from the entry of this Memorandum Opinion and Order.

IT IS SO ORDERED.