Daniel KOHUT, Plaintiff,

v.

Richard E. HENKEL, Defendant.

Civ. A. No. 83–2011.

United States District Court,
W.D. Pennsylvania,
Civil Division.

Nov. 4, 1983.

Walter T. McGough, Pamela A. McCallum, Pittsburgh, Pa., for plaintiff.

Richard E. Henkel, pro se.

## MEMORANDUM OPINION AND MEMORANDUM ORDER

SIMMONS, District Judge.

Plaintiff, Daniel Kohut, a Correction Officer at Western Penitentiary in Allegheny County, Pennsylvania, brought this action against Defendant Richard E. Henkel, who is presently incarcerated in the State Correctional Institute in Graterford, Pennsylvania. The complaint alleges a conspiracy under 42 U.S.C. § 1985(3) to deprive Plaintiff of his civil rights; assault and battery; false imprisonment, intentional infliction of emotional distress; and slander. These causes of action are alleged to arise as the result of a hostage siege, of approximately six days duration, caused by the Defendant and a fellow inmate, when the Plaintiff, during a strip search prior to a transfer for a Court appearance, found two .22 caliber pistols concealed in the heels of Defendant's shoes. Defendant Henkel, who is not represented by counsel in this matter, was transferred to the Graterford Institution after the conclusion of the hostage siege. Defendant has requested an extension of time for the answering of this complaint, based on the grounds that he is indigent, unrepresented by counsel, in solitary confinement, and scheduled to stand trial on charges of homicide and kidnapping. The Court has heretofore granted this extension.

Recent events in this District concerning the lodging of prisoners in the Allegheny County Jail have brought to this Court's attention the problems of dealing with this admittedly dangerous pro se defendant in this district, whose presence would certainly be required during the course of this litigation.

Venue in this civil rights action is appropriate under 28 U.S.C. § 1391(b) in the judicial district where all defendants reside or in which the claim arose. It is undisputed that the events giving rise to this cause of action arose in the Western District of Pennsylvania. 28 U.S.C. § 1404(a) permits this Court, for the convenience of the parties and witnesses, and in the interests of justice, to transfer this civil action to any district where it might have been brought. In this case, the action may be transferred to the Eastern District of Pennsylvania, where Defendant is incarcerated, if he resides there and if such transfer is necessary for the convenience of the parties and in the interests of justice.

■ For purposes of determining diversity of citizenship, domicile, rather than residence, is usually deemed to be controlling. The concept of domicile as being based on

voluntary presence free of physical or legal compulsion has resulted in a line of cases holding that one does not change his residence to prison by virtue of being incarcerated there. *See Cohen v. United States,* 297 F.2d 760 (9th Cir.1962); *Ellingburg v. Connett,* 457 F.2d 240 (5th Cir.1972); *Ott v. U.S. Board of Parole,* 324 F.Supp. 1034 (W.D.Mo.1971); *U.S. ex rel. Harrison v. Pace,* 357 F.Supp. 354 (E.D.Pa.1973).

■■■ Venue is a doctrine of convenience of the forum. *Denver & RGW R.R. v. Brotherhood of Railroad Trainmen,* 387 U.S. 556, 560, 87 S.Ct. 1746, 1748, 18 L.Ed.2d 954 (1967). Domicile is used to measure the convenience of the forum. *Kahane v. Carlson,* 527 F.2d 492, 494 (2d Cir.1975). Indeed, the main purpose of 28 U.S.C. § 1404(a) is to afford defendants protection where maintenance of the action in the plaintiff's choice of forum will make litigation oppressively expensive, inconvenient, difficult, or harassing to defend. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). However, in some situations, a *per se* rule pertaining to the domicile and residency of prisoners will yield illogical and socially undesirable results. *Stifel v. Hopkins,* 477 F.2d 1116, 1122 (6th Cir.1973). This rigid approach to the residency of incarcerated persons in instances such as in the above-captioned case, undercuts the purpose of the doctrine of forum non conveniens and is contrary to common sense.

The District of Columbia Circuit has held that for purposes of the general venue statute, a prisoner has his residence at his place of confinement. *In re Pope,* 580 F.2d 620, 622 (D.C.Cir.1978). In *Ferri v. U.S. Department of Justice,* 441 F.Supp. 404, 405 (M.D.Pa.1977), the court stated: "Inasmuch as Ferri is an inmate at Lewisburg he is arguably a resident of Pennsylvania and therefore, the Middle District has jurisdiction over this suit." This Court is convinced that in the above-captioned case, the Defendant, Richard Henkel, is a resident of the district of his incarceration for purposes of venue in this non-diversity federal case.

This Court must determine whether transfer of this case to the district of incarceration is required for the convenience of the parties and in the interests of justice.

In an action of this nature, which seeks monetary damages, extensive discovery, depositions, and pretrial proceedings will be required. Inasmuch as Defendant is an indigent, unrepresented by counsel, his presence at all court proceedings is necessary. Transporting the Defendant from his place of confinement to the Western District of Pennsylvania to take part in this case would cause formidable security risks and problems. This Defendant is known to be dangerous, to have access to weapons while in a prison environment, and the very circumstances giving rise to this cause of action involved an attempted escape by the Defendant prior to his being taken to court for an appearance, as well as the taking of hostages in order to accomplish such an escape.

This Court takes judicial notice of an Order entered by the Honorable Judge Cohill of the Western District of Pennsylvania on October 20, 1983, effective November 1, 1983, which states, in part, as follows:

3. Pending further order of court, no federal prisoners shall be housed in the Allegheny County Jail except during such time such prisoner is standing trial. Federal prisoners scheduled for trial may be brought to the Allegheny County Jail no sooner than the day before their trial is scheduled to begin, and shall be removed from said Allegheny County Jail no later than the day after their trial is over.

In light of this Order, it would be impossible for this Court to have the Defendant brought before this Court for pretrial proceedings. Defendant could not be housed in the Allegheny County Jail, and it would certainly be impossible to house Defendant in the Western Penitentiary, the scene of his attempted escape and taking of hostages.

If this Court were to appoint counsel for the Defendant, said counsel would be forced to travel to the Eastern District of

Pennsylvania to consult with his client, which would be totally inconvenient.

■ Because the transportation of the Defendant and his presence before the Court poses a high security risk, because Defendant may not be lodged in the Allegheny County Jail or Western Penitentiary if brought to this district, because the presence of the pro se Defendant is necessary at all pretrial proceedings, because Defendant cannot participate in discovery in this district, the Court finds that for the convenience of the parties and in the interest of efficient administration of justice, and in the interests of the physical security and well-being of all persons involved in this matter, justice would best be served by the transfer of this action to the Eastern District of Pennsylvania, the district of Defendant's incarceration.

The Court notes in passing that inasmuch as it is impossible for all practical purposes for the Defendant to defend this case in the Western District of Pennsylvania, this Court would be compelled to dismiss the case on the basis of forum non conveniens if it is determined that no transfer can be made to the Eastern District of Pennsylvania. In the interests of justice, and inasmuch as the applicable statute of limitations on some of the state causes in the above-captioned case may be one year, it is suggested that the Plaintiff file a cautionary suit in the Court of Common Pleas in the County of Defendant's incarceration. The state court system has concurrent jurisdiction over the civil rights claim, and the state law claims are transitory actions, which under Pennsylvania law, may be brought where service can be effectuated.

AND NOW, this 4th day of November, 1983, IT IS ORDERED that the parties have 10 days from the date of this Order to file objections to the transfer of this case to the Eastern District of Pennsylvania. If no timely objections are filed within 10 days of the date of this Order, IT IS ORDERED that the above-captioned case be TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania.