**Betty Jean NEMMERS, Trustee, Plaintiff,**

v.

**Richard S. TRUESDALE, Defendant.**

No. C84–2038.

United States District Court, N.D. Ohio, E.D.

June 25, 1985.

William C. Hofstetler, Chardon, Ohio, for plaintiff.

Frank Leonetti, Jr., Cleveland, Ohio, for defendant.

### ORDER

BATTISTI, Chief Judge.

On April 3, 1985, Defendant moved for a change of venue pursuant to 28 U.S.C. § 1404 from the United States District Court, Northern District of Ohio to United States District Court for the Middle District of Florida. For the reasons set forth below, Defendant's motion is denied.

### I.

On June 22, 1984, plaintiff, who was then a resident of the state of Ohio, filed a complaint seeking to collect the sum of $135,000 plus interest on a portion thereof on a promissory note. The note was executed on November 3, 1983 in Clearwater, Florida between plaintiff as trustee for Robert James Nemmers and defendant, a resident of Florida. Under the terms of the note, defendant was to pay $100,000 plus 10% interest per annum to plaintiff two years from the date of maturing. The payment date was contingent on the payment of a note dated August 21, 1980 in the amount of $500,000 from George Heaton to Richard Z. Truesdale.

Plaintiff filed her complaint in this Court. Counsel stipulated on March 4, 1985 to complete all discovery by April 30, 1985.

### II.

█ A district court may transfer a case to any other district where it might have been brought "for the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). It is not disputed that this action could have been brought in the United States District Court for the Middle District of Florida since the contract was made therein and defendant resides there. The burden of showing the necessity of a transfer under 28 U.S.C. § 1404(a) is substantial and rests on the party seeking the transfer. *Holiday Rambler Corp. v. American Motors Corp.*, 254 F.Supp. 137 (W.D.Mich.1966). The movant

must support his allegations by proof or affidavit. *Hostetler v. Baltimore & O.R. Co.*, 164 F.Supp. 72 (D.C.Pa.1958). The decision to transfer lies in the District Court's sound discretion. *Pennsylvania R. Co. v. Connell*, 295 F.2d 32 (6th Cir. 1961).

In the instant case, the Defendant, by both motion and counsel's own affidavit, lists the following reasons for transfer: (1) the promissory note in question was executed in Clearwater, Florida; (2) at the time the note was made, defendant resided in Tampa, Florida; (3) at the time the note was signed, plaintiff resided in Seminole, Florida; (4) Florida law applies to the note; (5) all witnesses to the transaction except plaintiff currently reside in Florida; and (6) all of the physical evidence (documents) are in Tampa, Florida.

█ In order to transfer to another venue, the district court must find the balance of convenience strongly in favor of the moving party. *Schmidt v. American Flyers Airline Corp.*, 260 F.Supp. 813 (S.D.N.Y.1966). The plaintiff's choice of forum is to be given great weight. *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). In the instant case, plaintiff has chosen to file in the district in which she resides; there is no evidence she sought to forum-shop or to harass the defendant. The forum chosen was simply the closest to her home.

█ For change of venue purposes, it is irrelevant where the promissory note was made. It is also irrelevant what the choice of law is, i.e. whether Florida law governs the note, since the federal court here or in the transferee district must apply the same law. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). While a district court in the Central District of Florida will have more experience applying Florida law, if that is the law which governs, this Court does not regard this experience to be sufficiently significant to merit transfer. More important than where the contract was made is the place where it is to be performed. *Les*

*Schwimley Motors, Inc. v. Chrysler Motors Corp.*, 270 F.Supp. 418 (E.D.Cal.1967). Defendant in the instant case has merely asserted that the place of payment of the promissory note was "anticipated" to be Florida although admitting that the note itself is "silent in that regard." Brief in Support of the Defendant's Motion for Change of Venue at 3. Since defendant has failed to produce any evidence either within the note itself or outside it establishing Florida as the place of performance, it is permissible to conclude the note was to be paid wherever plaintiff/the payee was to be found. Hence, the Northern District of Ohio, which was plaintiff's current residence at the time suit was brought, was as much the location of performance as Florida.

Defendant contends that all witnesses and evidence are in Florida. However, the defendant has not shown that the location of witnesses and evidence outside the Northern District of Ohio will result in witnesses not testifying and attending or severe inconvenience. It is not enough to simply state that witnesses and evidence are elsewhere without showing hardship or prejudice to either the witnesses or the moving party. *Weltmann v. Fletcher*, 431 F.Supp. 448 (N.D.Ohio 1976). Nor should defendant be concerned about difficulties plaintiff will have in obtaining evidence. Plaintiff has already decided to assume these "burdens" by bringing this action in the Northern District of Ohio.

Finally, this Court is unwilling to grant defendant's motion after the date all discovery was to be completed. Although delay in making a change of venue motion is not a sufficient ground for denial, *Adler v. McKee*, 92 F.Supp. 613 (S.D.N.Y.1950), much of any hardship defendant may have faced has already passed since discovery is complete.

Defendant has failed to demonstrate that the balance of convenience lies in his favor. The Court is therefore unwilling to upset plaintiff's choice of forum.

### III.

Accordingly, defendant's motion for change of venue is denied; this action is retained by the United States District Court, Northern District of Ohio.

IT IS SO ORDERED.