**Todd EBERLINE, Plaintiff,**

v.

**AJILON LLC, etc., Defendant.**

**No. 3:04 CV 7072.**

United States District Court,
N.D. Ohio,
Western Division.

Dec. 23, 2004.

Darrell M. Crosgrove, Toledo, OH, David W. Zoll, Pamela A. Borgess, Michelle L. Kranz, Zoll & Kranz, Toledo, OH, for Plaintiff.

Robert M. Vercruysse, Gregory V. Murray, Vercruysse, Murray & Calzone, Bingham Farms, MI, for Defendant.

## *MEMORANDUM OPINION*

KATZ, District Judge.

This matter is before the Court on Defendant's Motion to Transfer Venue (Doc.

No. 5). Plaintiff has filed a response, (Doc. No. 21), and Defendant has filed a reply (Doc. No. 22). For the reasons stated below, Defendant's motion is denied.

### BACKGROUND

On April 7, 2000, the Southfield, Michigan office of Ajilon, LLC, d/b/a/ Ajilon Consulting ("Ajilon"), hired the plaintiff, Todd Eberline ("Eberline"), a resident of Monroe, Michigan, to work as a technician consultant at Chrysler Corporation's Jeep plant in Toledo, Ohio. Eberline holds the same position today. He has sued Ajilon on behalf of himself and others similarly situated, claiming Ajilon violated Ohio law by failing to pay him time-and-a-half wages for hours worked in excess of forty per week.

Though Eberline is an Ajilon employee whose Ajilon supervisor is located in Southfield Michigan, his work duties take place entirely at Chrysler's Toledo Jeep plant, where he reports to work every day and has a computer. He receives day-to-day work instructions from Chrysler employees in Toledo. He claims that he has visited Ajilon's Southfield, Michigan office on only a few occasions, that meetings with his Ajilon supervisor occur in Toledo, Ohio, and that most of his communications with Ajilon occur electronically.

Ajilon administers the payment of Eberline's salary in Southfield, Michigan and pays Eberline by direct deposit into his account at a bank in Monroe, Michigan. Eberline submits his time slips electronically from Chrysler's facility in Toledo and receives his pay stubs, by e-mail, in Toledo.

Eberline originally sued Ajilon in Lucas County, Ohio Common Pleas Court, alleging that Ajilon violated Ohio Revised Code Sections 4111.13 and 4113.15 by failing to pay time-and-a-half wages for hours worked over forty, and by failing to pay such wages on time. Ajilon removed to this Court on the basis of diversity of citizenship, as Eberline is a Michigan citizen and Ajilon is a citizen of Maryland and Delaware. Ajilon does not dispute that venue is proper in the Northern District of Ohio, but urges transfer to the Eastern District of Michigan, which it claims is a more convenient forum.

### DISCUSSION

#### A. Transfer of Venue Standard

Ajilon seeks to transfer this matter to the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1404(a). Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This determination is entrusted to the trial court's sound discretion. *Midwest Motor Supply Co. v. Kimball,* 761 F.Supp. 1316, 1318 (S.D.Ohio 1991); *Nemmers v. Truesdale,* 612 F.Supp. 245, 246 (N.D.Ohio 1985). "The burden is on the defendant ... to establish that there should be a change of venue." *LaCroix v. American Horse Show Ass'n,* 853 F.Supp. 992, 1000 (N.D.Ohio 1994).

Factors that weigh in the Court's analysis include: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *MCNIC Oil & Gas Co. v. IBEX Res. Co.,* 23 F.Supp.2d 729, 738–39 (1998) (quoting *Helder v. Hitachi Power Tools,* 764 F.Supp. 93, 96 (E.D.Mich.1991)). The Court also considers the relative congestion of the fora, the public interest in local adjudication, and the relative famil-

iarity of the courts with the applicable law. *See* 17 James Wm. Moore et al., Moore's Federal Practice ¶ 111.13[1][b] (3d ed.2004).

The Court should consider the access the parties have to various sources of proof. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The location of the witnesses is a prime consideration: the convenience of witnesses; the nature and materiality of the testimony to be elicited from witnesses who must be transported distances; and the availability of process to compel attendance of unwilling witnesses. *Id.* The location of the operative facts giving rise to the case, and the location of documentary evidence, such as books and records, are other considerations.

The Court gives great deference to the plaintiff's choice of forum, and will not disturb it unless the party moving for transfer shows that equity *strongly* favors transfer of the case. *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843; *LaCroix*, 853 F.Supp. at 1000. Transfer pursuant to 28 U.S.C. § 1404(a) is not appropriate where the transfer merely shifts the burden of traveling to a less convenient forum to the plaintiff. *Id.* at 1001.

*B. Ajilon's Motion to Transfer*

The parties do not dispute that venue would be proper in the Eastern District of Michigan, and that the case could have been brought in that district. The parties do, however, dispute where the operative facts giving rise to this case occurred, largely because they disagree about whether the details of Eberline's day-to-day job duties are relevant to his claim. Ajilon claims that because Eberline's complaint alleges he is an hourly employee, the operative facts center solely around the administration of his salary plan and the payment of his wages, which occur in Michigan. Ajilon believes and that the work performed by Eberline in Ohio is immaterial. Eberline insists his work in Ohio gave rise to his claim and that the nature of his job duties will be the crux of the case.

Eberline alleges in his complaint that Ajilon violated section 4111.13 of the Ohio Revised Code. That section provides:

An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended.

O.R.C. § 4111.03(a). Section 7 of the Fair Labor Standards Act ("FLSA") requires employers to pay for work in excess of forty hours per week at not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1). Section 13 exempts certain computer professionals from this requirement. 29 U.S.C. § 213(a)(17). Both Eberline's job duties and the method of his compensation, i.e., whether he is paid hourly or by some other measure, may be relevant to the determination of whether the computer professional exemption applies, and, therefore, whether Ajilon has violated Ohio Revised Code Section 4111.03. *See id.* Since Eberline's work in Ohio and Ajilon's payment in Michigan for that work are both pertinent, the operative facts giving rise to this case may fairly be said to have arisen in Ohio and in Michigan.

Because of this, relevant witnesses and documents are located in each potential forum. Ajilon employees with knowledge about the administration of Eberline's salary reside in Michigan, while Chrysler employees whom Eberline hopes will corrobo-

rate his own testimony about his daily activities are located in Ohio. While such testimony by Eberline's Chrysler coworkers may or may not be cumulative, it certainly is not irrelevant, as Ajilon claims. None of these potential witnesses is outside the subpoena power of either this Court or a court sitting in Detroit, Michigan. Fed.R.Civ.P. 45(b)(2) (allowing service of process subpoenas within 100 miles of the place where a district court sits).

Ajilon's salary administration documents and Eberline's banking records are located in Michigan, while Eberline's e-mailed pay stubs and time slips are located on his work computer in Ohio. It does not appear that the documentary evidence in this case is voluminous or that its transport between Toledo and Detroit in either direction would be overly burdensome.

Likewise, no showing has been made of excessive cost or other practical problems associated with either forum. And while this Court undeniably has a full docket, such concerns do not drive its decision. Because the Ohio statute at issue defers to the standards set out in the FLSA, familiarity with the applicable law is also not an issue that weighs in favor of either forum. All of this leads the Court to conclude that neither this forum nor the Eastern District of Michigan is an entirely more convenient or inconvenient forum.

Two factors sway the Court's decision not to transfer this case. The first is the public interest in the local adjudication of Eberline's claim, which is premised on a violation of Ohio law.[1] The second, and most important, factor is the reluctance of courts to transfer actions from a plaintiff's

chosen forum, absent a strong showing of inconvenience, which is lacking in this case. Ajilon cites to *Hite v. Norwegian Caribbean Lines,* 551 F.Supp. 390, 394–95 (E.D.Mich.1982) and *Jamhour v. Scottsdale Ins. Co.,* 211 F.Supp.2d 941, 944 (S.D.Ohio 2002) for the proposition that the plaintiff's forum should not be considered where a case has been removed to federal court, because the action is no longer pending in the state forum actually chosen by the plaintiff. However, the court in *Jamhour* indicated that in cases of removal, the plaintiff's forum choice is still relevant, but is merely entitled to "somewhat less weight" than the "substantial weight that it otherwise might receive." *Jamhour,* 211 F.Supp.2d at 947. In *Hite,* the court declined to defer to the plaintiff's choice of forum in part because the case had been removed, but also in part because of the court's concern that the plaintiff had chosen the particular county court in Michigan in which it filed suit because of that forum's reputation for large jury verdicts. *Hite,* 551 F.Supp. at 394–395, 395 n. 3. No such indicia of forum shopping are present in this case. Moreover, part and parcel of the choice of Lucas County, Ohio as one's forum is the possibility of removal to this Court. Eberline has evidenced a preference for pressing his case in Ohio, rather than in Michigan. In the absence of a showing of inconvenience by Ajilon, this Court will not disturb that choice.

This case is not, as Ajilon argues, and as this Court found under different circumstances in *Checuti v. Conrail,* 291 F.Supp.2d 664, 672 (2003), "at its heart truly a Michigan case." In *Checuti,* the plaintiff, a Michigan resident, was injured

---

1. Eberline's complaint alleges solely violations of Ohio statutes. The court is therefore somewhat mystified by Ajilon's argument that Michigan law governs this case. (Doc. No. 5, p. 7 n. 1.) While Eberline is no doubt grateful to Ajilon for pointing out to him that it may

also have violated Michigan's wage and hour laws, it would seem that the sole issue in this case is whether or not Ajilon violated the Ohio statutes cited by Eberline in his complaint.

in Michigan by a company that did no business in Ohio. The only connection to Ohio was that the plaintiff's treating physician was located in this state. Here, by contrast, a Michigan company that also does business in Ohio sent a Michigan resident to perform work in Ohio, and that employee asserts violations of Ohio law. It cannot be said, as in *Checuti*, that this is, at its heart, a Michigan case. Ajilon's motion to transfer venue to the Eastern District of Michigan is denied.

### CONCLUSION

Based on the foregoing, Defendant's Motion to Transfer Venue (Doc. No. 5) is denied.

IT IS SO ORDERED.

*JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that Defendant's Motion to Transfer Venue (Doc. No. 5) is denied.