**Robert J. HELDER and Barbara I. Helder, husband and wife, Plaintiffs,**

v.

**HITACHI POWER TOOLS, USA LTD., a Georgia Corporation; Hitachi Koki Co. Ltd., a foreign corporation; Bank of Tokyo, a California Bank; Norman Jaeger Fasteners Inc., a Michigan corporation, and Bettye Marcioch, Defendants.**

No. 90–CV–73561–DT.

United States District Court, E.D. Michigan, S.D.

June 5, 1991.

Robert F. Mirque, Grand Rapids, Mich., for plaintiffs.

Janice G. Hildenbrand, Southfield, Mich., Sherry Moss, Atlanta, Ga., for Hitachi Power Tools, USA Ltd., Norman Jaeger and Bettye Marcioch.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I.

Plaintiffs filed suit against defendants for injuries allegedly arising out of defendant's violation of various federal and state

laws. On March 14, 1991, this Court dismissed without prejudice plaintiffs' pendent state law claims. Thus, plaintiffs' complaint currently presents only federal questions.

This matter is before the Court on defendants Hitachi Power Tools, USA Ltd., Norman Jaeger and Bettye Marcioch's motion for change of venue. Plaintiffs filed a late response, which the Court has considered. The parties have briefed the relevant issues, and pursuant to E.D.Mich.Local R. 17(*l*)(2), the Court shall decide the motion without entertaining oral argument.

After reviewing the motion, briefs, and file in this case, the Court concludes that venue in this action is properly laid in and most convenient in the Western District of Michigan. Accordingly, defendant's motion for change of venue is GRANTED.

## II.

Plaintiff was employed by Hitachi USA as a sales representative from January, 1989 to February, 1990. Plaintiff's sales territory included the lower peninsula of Michigan and part of the state of Indiana.

After plaintiff was terminated from employment, he filed this action in which he alleges claims under the Clayton Act, 15 U.S.C. § 15, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1981.

Plaintiff Robert Helder resides in Spring Lake, Michigan, which is approximately 40 miles west of Grand Rapids. Defendant Hitachi USA is a Georgia corporation. Defendant Norman Jaeger, Eastern Regional Sales Manager of Hitachi USA and plaintiff's former supervisor, resides in Illinois and defendant Bettye Marcioch, Operations Manager of Hitachi USA, resides in Georgia. Defendant Fasteners Inc. is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. Defendant Hitachi Koki is a Japanese corporation with its principal place of business in Tokyo, Japan.

Defendants contend that pursuant to 28 U.S.C. § 1391, venue for virtually all of plaintiff's federal claims is improper and/or inconvenient in the Eastern District of Michigan and that pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this case should be transferred to the Western District of Michigan where venue is appropriate and convenient.

## III.

### A. Venue Generally

The Court's exercise of jurisdiction over the subject matter of plaintiff's complaint rests solely on the federal questions presented therein. Accordingly, because jurisdiction in this action is not founded solely on diversity of citizenship, 28 U.S.C. § 1391(b) provides the appropriate statutory basis for determining venue. Section 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Section 1391(b) makes clear that venue for federal claims are determined by § 1391(b) unless a special venue statute exists and is applicable to the federal claims at issue. In this case, plaintiff's Clayton Act and ERISA claims are subject to the special venue provisions contained within their respective statutory schemes.

Section 12 of the Clayton Act, 15 U.S.C. § 22 provides directives for determining venue of a Clayton Act claim:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business …

With respect to ERISA claims, 29 U.S.C. § 1132(e)(2) provides the relevant criteria for determining venue:

> (2) where an action under this subchapter is brought in a district court of the United States, it may be brought in the district (1) *where the plan is administered,* (2) *where the breach took place,* or (3) *where a defendant resides or may*

*be found,* and process may be served in any other district where a defendant resides or may be found. (emphasis added)

In sum, the Court finds that (1) with respect to plaintiff's civil rights claim brought under 42 U.S.C. § 1981, venue is determined under the general venue statute found at 28 U.S.C. § 1391(b) because this statutory cause of action does not refer to a special venue statute; (2) with respect to plaintiff's antitrust claim, venue is determined under § 12 of the Clayton Act, 15 U.S.C. § 22; and (3) with respect to plaintiff's ERISA claim, venue is determined under 29 U.S.C. § 1132(e)(2).

*B. Venue Specifically*

**1. Antitrust Claim**

The parties agree that venue under § 12 of the Clayton Act is appropriate in the Eastern District as well as the Western District of Michigan.

**2. ERISA Claim**

█ Pursuant to § 1132(e)(2), venue is proper in both the Eastern and Western Districts. The ERISA plan at issue is administered in Norcross, Georgia at the corporate headquarters of Hitachi USA by a committee comprised of three members, including defendant Bettye Marcioch who resides in the Northern District of Georgia. The alleged breach took place either where the decision concerning plaintiff's request was made (i.e. Georgia) or where the benefits or summary plan description was to be received by plaintiff (Western District of Michigan). However, because at least one defendant resides or is found in the Eastern District, venue is proper in this district. Accordingly, the Court finds that plaintiff's ERISA claim is properly laid in the Eastern District of Michigan.

**3. Civil Rights Claim**

█ Plaintiff has alleged that American employees of Hitachi USA were discriminated against because the Japanese employees of Hitachi Koki received more favorable treatment than their U.S. counterparts. This civil rights claim would have to arise from either Hitachi USA headquarters in Georgia, Hitachi Koki's headquarters in Japan, or the site where the alleged discrimination through termination was inflicted—the Western District of Michigan. Thus, the Court concludes that with respect to plaintiff's claim under 42 U.S.C. § 1981, venue is proper not in the Eastern District of Michigan, but rather in the Western District of Michigan.

In sum, the Court holds that (1) venue for plaintiff's antitrust claim is proper in either the Eastern District or Western District of Michigan; (2) regarding plaintiff's claim under ERISA, venue is proper in either the Eastern District or the Western District of Michigan; and (3) with respect to plaintiff's claim under 42 U.S.C. § 1981, venue is proper only in the Western District of Michigan.

*C. Transfer of Claims Under 28 U.S.C. § 1406(a)*

Section 1406 provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Because the Court has determined that plaintiff's civil rights claim under 42 U.S.C. § 1981 is properly laid in the Western District of Michigan, pursuant to § 1406, the Court orders that the civil rights claim be transferred to the Western District of Michigan, a district in which it could have been brought originally.

*D. Transfer of Claims Under 28 U.S.C. § 1404(a)*

█ Section 1404(a) provides:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unneces-

sary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The factors to be considered by the Court in ruling on a § 1404(a) motion are (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *Hite v. Norwegian Caribbean Lines,* 551 F.Supp. 390 (E.D.Mich.1982). In short, the Court may consider any factor that may make any eventual trial "easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Hitachi USA, Hitachi Koki, Bank of Tokyo, Norman Jaeger, and Bettye Marcioch are all defendants who reside outside the state of Michigan; therefore, venue in either district of Michigan would be equally convenient to these defendants. Plaintiffs and the remainder of the defendants reside in the Western District of Michigan, in or around Grand Rapids. Thus, the Western District of Michigan would be most convenient to these parties. Access to sources of proof would be most convenient in the Western District of Michigan, the residence of the only Michigan corporation involved in this case. Furthermore, because the Court has determined that plaintiff's civil rights claim must be transferred pursuant to § 1406(a) to the Western District where it is properly laid, it is efficient and most convenient to all parties involved to also transfer the remainder of the claims to the Western District of Michigan, where venue is also appropriate for the transferred claims.

Plaintiff's only objection to transferring this case to the Western District is his claim that employees of the various accounts that were serviced by the plaintiff reside in the Eastern District of Michigan. While this may be true, plaintiff has not demonstrated that such individuals would play a significant role at trial. Furthermore, even if plaintiff had made such a showing, it is greatly out-weighed by the other considerations mentioned above.

### IV.

For all of the foregoing reasons, the Court concludes that this case should be transferred, in its entirety, to the Western District of Michigan. Accordingly, defendants' motion for change of venue is hereby GRANTED.

IT IS SO ORDERED.