L. PERRIGO COMPANY, Plaintiff,

v.

WARNER–LAMBERT CO., Defendant.

No. 1:92–CV–640.

United States District Court,
W.D. Michigan, S.D.

Nov. 6, 1992.

Harold W. Reick, Price, Heneveld, Cooper, Dewitt, et al., Grand Rapids, MI, for corporation plaintiff.

Grant J. Gruel, J. Clarke Nims, Gruel, Mills, Nims & Pylman, Grand Rapids, MI, Edward E. Vassallo, Fitzpatrick, Cella, Harper & Scinto, New York, City, for corporation defendant.

## OPINION

ROBERT HOLMES BELL, District Judge.

In this trademark action Plaintiff L. Perrigo Company seeks declaratory and injunctive relief against Warner–Lambert Co. The action is currently before the Court on Defendant Warner–Lambert Co.'s motion to dismiss the complaint, or alternatively for an order staying the action or transferring it to the District Court for the Northern District of Texas. A hearing on the motion was held on October 15, 1992.

Warner–Lambert is a Delaware corporation with its principal place of business in New Jersey. On February 20, 1992, Warner–Lambert introduced a new product, Cool Mint Listerine, to the trade. Warner–Lambert contends that the product has a unique trade dress consisting of a clear barbell-shaped bottle, white rectangular labels, teal-blue color, and black plastic cap.

L. Perrigo is a Michigan corporation with its principal place of business in the Western District of Michigan. L. Perrigo manufactures over-the-counter pharmaceuticals, personal care products and vitamins for sale to retail chains as their store-brand products. L. Perrigo has developed its own teal blue mint antiseptic mouth rinse which it is selling throughout the country in a clear barbell-shaped bottle with white rectangular labels and black plastic cap to retail stores under a number of different store brands.

On Friday, September 4, 1992, Defendant Warner–Lambert filed an action in the United States District Court for the Northern District of Texas against L. Perrigo and Perrigo Co. for trade dress infringement, false advertising, unfair competition and injury to business reputation, based upon the sale of "Equate" brand blue mint antiseptic mouth rinse at Wal–Mart stores in Texas.

On Tuesday, September 8, 1992, Plaintiff L. Perrigo filed this action seeking a declaration that it has the right to manufacture, use and sell its blue mint antiseptic mouth rinse under 5 separate brand names. Two parallel cases were subsequently filed in this district, one by the parent corporation, *Perrigo Co. v. Warner–Lambert, Inc.*, 1:92–CV–656, and one by another subsidiary, *Cumberland–Swan, Inc. v. Warner–Lambert, Inc.*, 1:92–CV–654. Together the cases raise the issue of trademark infringement with respect to blue mint antiseptic mouth rinse under 14 brand names.

As a preliminary matter, the Court observes that this motion to dismiss is not based upon lack of personal jurisdiction, improper venue or other mandatory grounds. Rather, Defendant contends that this Court should not exercise its discretion to hear this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, due to Defendant's prior filing of the parallel action in Texas.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a court *may* declare the legal rights of a party. This power is permissive, not mandatory. *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir.1984). The court's grant or denial of declaratory relief must be predicated on an exercise of its discretion after full inquiry into all relevant considerations. *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1065 (6th Cir.1987). In exercising its discretion the court should consider:

1. whether the declaratory action would settle the controversy;
2. whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

3. whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena" for a race for "res judicata";

4. whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

5. whether there is an alternative remedy which is better or more effective.

*Id.* at 1063 (quoting *Grand Trunk,* 746 F.2d at 326). *See also Omaha Property and Cas. Ins. Co. v. Johnson,* 923 F.2d 446, 448 (6th Cir.1991).

■ Defendant contends that the balance of these factors tips in favor of abstention. Defendant contends that this action would not settle the controversy because Perrigo Co. is not a party here as it is in Texas. It appears to this Court that Perrigo Co., the parent holding company of L. Perrigo and Cumberland–Swan, is not a necessary party to a resolution of the allegedly infringing Equate brand mouthwash that is before the Texas court. Accordingly, a decision in this court could settle the controversy at issue between the parties.

Defendant also claims that this action would not clarify the legal relations at issue because it is a duplication of the earlier filed Texas action. Plaintiff, on the other hand, claims that although this action seeks, in part, a determination that Warner–Lambert is not entitled to the relief it has already sought in the earlier-filed Texas action, this action would resolve more issues than the Texas action because 4 additional trade dresses are at issue.

Warner–Lambert disputes L. Perrigo's contention that there are multiple trade dresses at issue. Instead, it contends that there is only one trade dress at issue in Michigan and Texas and that if it prevails in Texas all of Plaintiff's products will be enjoined because the Texas complaint asks for an injunction of *any* product that copies the Cool Mint Listerine trade dress.

The Court cannot embrace Warner–Lambert's claim that there is only one trade dress at issue in Michigan and Texas. In its complaint Plaintiff alleges that it sells a blue colored mint flavored antiseptic mouth rinse to a variety of retail outlets. Plaintiff has incorporated in its complaint photographs of 5 companies that sell Plaintiff's mouth rinse under separate labels. While the various brand names all use the same bottle, the same color ingredients, the same color cap and the same shape label, the labels themselves are different.

In *Two Pesos, Inc. v. Taco Cabana, Inc.,* — U.S. ——, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992), the Supreme Court held that trade dress "involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Id.* at —— n. 1, 112 S.Ct. at 2755 n. 1, 120 L.Ed.2d at 621 n. 1 (quoting *John H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 980 (11th Cir.1983)).

This Court is not in a position to hold that a decision in Texas as to the Equate brand mouth rinse will be enforceable against all the other brands distributed by L. Perrigo. There are issues of fact as to each brand that may require further litigation.[1] The issues between the parties concerning each of the particular brands will not be resolved in one proceeding in Texas against only one of the brands produced by L. Perrigo.

Moreover, the Court cannot ignore the other actions that have been filed here by Cumberland–Swan and Perrigo Co. Decisions in this case as well as the two parallel cases in this district will encompass 14 products, and will remove much of the uncertainty, insecurity, and controversy between the parties that would remain after the Texas suit.

---

1. In the Texas action Defendant identifies the use of the term "Equate" on the label as a significant factor in misleading the public that the two products are the same. The word "Equate" is not found on the other products at issue in this case. How much weight will be ascribed to the differences in the labels cannot be determined at this juncture, but neither can the differences be ignored.

Defendant places most weight on the third factor, procedural fencing. Defendant contends that this action, filed four days after the Texas action, and seeking a declaratory judgment denying Defendant the relief it seeks in Texas, is a blatant attempt by Plaintiff to substitute its own choice of forum for that of the defendant.

The Court is not convinced that the declaratory remedy is being used merely for the purpose of "procedural fencing".

The complaint alleges that Warner–Lambert threatened L. Perrigo with litigation if L. Perrigo did not stop selling its mouthwash in its allegedly infringing trade dress. The uncontested evidence reveals that Plaintiff was not served with the Texas action until September 14, 1992, and that it first learned that a lawsuit had been filed through a telephone voice-mail message near the end of the business day on September 8, 1992, the same day L. Perrigo filed this action. There is no evidence that L. Perrigo has done anything more than properly choose this forum for adjudication of its interests. *See Allstate Ins. Co. v. Green*, 825 F.2d at 1066 nn. 5 & 6.

Since the Texas case was also filed in federal court no federal/state comity issues are raised by this motion, and the court is not aware of any alternative remedies that would be more effective. Upon consideration of the relevant factors set forth in *Grand Trunk*, 746 F.2d at 326, this Court is satisfied that this declaratory judgment action should not be dismissed.

In the alternative, Defendant contends that this action should be stayed or transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas because venue is proper there and it would further the interests of judicial economy as well as those of the litigants in this proceeding.

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The factors to be considered by the Court in ruling on a motion to transfer to venue are:

(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; ■ the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, Ltd.*, 764 F.Supp. 93, 96 (E.D.Mich.1991).

■ It is generally agreed that when there are two competing lawsuits, the first filed has priority.[2] *See, e.g., Plough, Inc. v. Allergan, Inc.*, 741 F.Supp. 144, 147 (W.D.Tenn.1990); *SW Industries, Inc. v. Aetna Cas. & Sur. Co.*, 653 F.Supp. 631, 634 (D.R.I.1987). The applicability of the first-filed rule turns on two equitable considerations: whether any special circumstances require deference to the later-filed action or whether the balance of convenience favors the later-filed action. *Plough*, 741 F.Supp. at 147; *SW Industries*, 653 F.Supp. at 634.

■ In this case, the proximity in time between the filing of the two cases, the broader scope of the issues addressed in this action, and the multiple cases filed in Michigan dealing with connected issues are special considerations that require deference to the later-filed action.

The balance of convenience also heavily favors the venue of this second-filed action. Defendant contends that Texas is the appropriate forum because Texas is where a significant portion of the passing off and harm has occurred. Since L. Perrigo's blue mouth rinse is sold nationwide and only one of L. Perrigo's brands is sold in Texas, this

---

**2.** Although preference is usually given to Plaintiff's choice of forum, the normal preference does not apply where, as here, the case before the court is the later-filed case. *See SW Industries*, 653 F.Supp. at 637.

factor does not appear to weigh heavily in favor of the Texas forum.

Moreover, because Warner–Lambert did not bring the Texas suit on its home turf, the convenience to Warner–Lambert of litigating in its choice of forum is not as great as it would be were it litigating at or near its principal place of business. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981); *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,* 775 F.Supp. 759, 764 (D.Del.1991); *Robinson v. Madison,* 752 F.Supp. 842, 847 (N.D.Ill. 1990). By the same token, since Texas is not its home state, the inconvenience to Warner–Lambert of litigating in Michigan is negligible.

On the other side of the convenience scale are weighty considerations supporting this forum. This is where Plaintiff has its principal place of business. This is where the majority of the witnesses reside, and where the majority of documentary evidence will be found. The cost of obtaining willing witnesses will be less in this forum, and this forum will enable the parties to try the case most expeditiously and inexpensively.

The interests of justice also weigh in favor of transfer. This suit involves 5 trade dresses, and the two other suits in this district involve 9 more trade dresses. The efficient administration of the court system favors resolution of all the issues between these related parties in one forum.

For the reasons stated, Defendant's motion to dismiss, and/or transfer is denied.