ARMOUR AND COMPANY, a corporation of Delaware, Plaintiff,

v.

MINNESOTA MINING AND MANUFACTURING COMPANY, a corporation of Delaware, Defendant.

Civ. A. No. C 65–851.

United States District Court
N. D. Ohio, E. D.
April 12, 1966.

Richard R. Trexler, John S. Fosse, Chicago, Ill., Albert R. Teare, Cleveland, Ohio, for plaintiff.

Thomas V. Koykka, Arter, Hadden, Wykoff & VanDuzer, Cleveland, Ohio, Edward A. Haight, Haight, Simmons & Hofeldt, Chicago, Ill., Harold J. Kinney, Stanley G. DeLaHunt, Carpenter, Kinney & Coulter, St. Paul, Minn., for defendant.

WILLIAM K. THOMAS, District Judge.

To be decided is defendant Minnesota's motion to dismiss the within action, and plaintiff Armour's motion to consolidate the trial of the within action with Civil Action C 66–146.

Seeking a declaratory judgment regarding the U. S. Letters Patent No. 2,-958,593 Armour and Company filed its complaint against Minnesota Mining and Manufacturing Company in this court December 22, 1965. Previously on No-vember 30, 1965 in the United States District Court for the Northern District of Illinois, Eastern Division, Minnesota sued Armour for infringement of the same U. S. Letters Patent No. 2,958,593.

In accordance with Armour's alternative motions to dismiss or transfer, Judge Hubert Will of said U. S. District Court transferred the infringement action to this court. The infringement action was filed in this court on February 25, 1966 and is docketed as Civil Action No. C 66–146.

Prior to transfer defendant Armour filed its answer, affirmative defenses, and counter-claims in the infringement action. In its affirmative defenses Armour alleges invalidity of the claims of the subject patent with "failure to comply with the statutory requirements of Title 35 of the United States Code, including Sections 102, 103, 112, 184, and 185"; and these allegations are set forth more specifically in eight subparagraphs.

Armour further affirmatively alleges that the abrasive articles which it manufactures and sells do not infringe the claims of the subject patent, detailing this allegation in three subparagraphs.

Thereafter in its counter-claims Armour alleges:

10. Defendant has been and is presently selling abrasive articles, including abrasive products sold under the trademarks "Nylab" and "Microlon"; the aforesaid abrasive articles do not infringe U. S. Patent No. 2,958,593 here in suit; Defendant has been and is presently engaged at Alliance, Ohio, in the manufacture and sale of abrasive articles and proposes to continue such manufacture and sale, having been advised that it has the right to thus carry on such business without interference by charges of infringement of said patent; and that there is a case of actual and justiciable controversy between Plaintiff and Defendant within the jurisdiction of this Court under Sections 2201 and 2202 of Title 28 of the United States Code.

Defendant Armour then prays:

1. That the relief sought in the Complaint be denied and that the Complaint be dismissed for want of equity;

2. That the Honorable Court enter its decree adjudging U. S. Patent No. 2,958,593 to be invalid and of no force and effect;

3. That the Honorable Court enter its judgment and decree adjudging that the Defendant, ARMOUR AND COMPANY, has not infringed and is not infringing U. S. Patent No. 2,958,-593;

4. That the Honorable Court enter its judgment and decree adjudging that the Defendant, ARMOUR AND COMPANY, has the right to continue its manufacture and sale of its low density fibrous abrasive articles;

5. That the Honorable Court enter its decree issuing an injunction to restrain Plaintiff, its agents, representatives, attorneys, and all those in privy with it, from charging orally or in writing that said U. S. Patent No. 2,-958,593 covers or is being infringed by the abrasive articles manufactured and sold by Defendant;

6. That the Honorable Court enter a decree granting Defendant its costs in this action and reasonable attorneys' fees; and

7. That the Honorable Court grant such other and further relief as is meet and just in the premises.

In its complaint for declaratory judgment (C 65-851) it is manifest that the substance and much of the language of Armour's complaint coincides with the foregoing allegations and claims of Armour's affirmative defenses and counterclaims in the infringement action (C 66-146).

In each pleading Armour claims an actual and justiciable controversy between the parties under Title 28 United States Code, Sections 2201 and 2202. In each pleading Armour makes the same claims of patent invalidity. In each pleading the relief sought is substantially the same.

Hence duplication of its remedies is not essential to Armour to establish whatever rights it possesses and to which it may be entitled in the premises. It appears that all of Armour's rights may be fully adjudicated through its existing answer, affirmative defenses, and counterclaims together with any proper amendments should these hereafter become necessary. In a practical sense Armour presently has two actions pending in the same court for the same relief; and one action is enough. But which one?

The infringement action (C 66-146) filed November 30, 1965 in Chicago and now transferred to this court antedates the filing of Armour's declaratory action (C 65-851) on December 22, 1965 in this court. Earlier in time of filing, inclusive of all issues asserted in the later action, the infringement action (C 66-146) deserves priority. Moreover its pendency renders superfluous, and eliminates the need for, a continuation of the declaratory action (C 65-851). Had transfer of the infringement action been denied in that proceeding Armour would have been subject to a motion to enjoin the prosecution of its declaratory action in this Court. Barber-Greene Company v. Blaw-Knox Company, 7 Cir., 239 F.2d 774. Moreover had there been no transfer of the infringement action the declaratory action was subject to dismissal in this court on Minnesota's motion. Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47.

With Armour successful in securing transfer of the infringement action to this court nothing will be gained by a continuation of the declaratory action except unnecessary duplication of remedies. To avoid this duplication, dismissal, not consolidation, of the declaratory action is the appropriate remedy. Accordingly Armour's motion for consolidation is denied; and Minnesota's motion for dismissal of C 65-851 is granted.