**VICTOR COMPANY, L.L.C., Plaintiff,**

v.

**ORTHO ORGANIZERS, INC., Defendant.**

**Civil Action No. 96–2123–GTV.**

United States District Court,
D. Kansas.

July 10, 1996.

Dan Biles, Gates, Biles, Shields & Ryan, P.A., Richard P. Stitt, Overland Park, KS, for plaintiff.

Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, John B. Benassi, Scot A. Reader, Douglas E. Olson, La Jolla, CA, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on plaintiff's motion to enjoin the defendant's second-filed California action (Doc. 2) and defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) or, alternatively, to stay proceedings pending disposition of the related California action (Doc. 3). The parties have responded in opposition to the motions. Following a hearing on the motions held on July 9, 1996 and consideration of the parties' briefing, the court is now prepared to rule. Plaintiff's motion to enjoin is granted and defendant's motion to transfer or stay is denied.

### I. Factual Background

Plaintiff Victor Company, L.L.C., ("Victor") filed this action on March 11, 1996, for patent infringement on Patent No. 5,399,087 against defendant Ortho Organizers, Inc. ("Ortho"). Victor is the assignee of the patent in question. The patent relates to an orthodontic device used to straighten children's teeth and spread the palatal arch. Dr. Wendall Arndt is the only named inventor on the patent and is the owner and operator of Victor. Dr. Arndt resides in Olathe, Kansas. Victor is a Kansas limited liability corporation.

Defendant Ortho is a California based company. In July 1992, Dr. Arndt entered a licensing agreement with Ortho for the manufacture and sale of the device described above. At the time of the licensing agreement, a patent had not been issued. The licensing agreement expired in 1995.

On May 9, 1996, two months after the present suit was filed, Ortho filed suit against Victor and Dr. Arndt in the United States District Court for the Southern District of California. Ortho asserts two causes of action in the California litigation. In Count I, Ortho seeks correction of the named inventor on Patent No. 5,399,087 pursuant to 35 U.S.C. § 256. Ortho alleges that its former employees and consultants should be listed as co-inventors on the patent. In Count II, Ortho seeks a declaratory judgment that it has an implied license and/or "shop rights" in the device in question under California law.

### II. Discussion

Plaintiff seeks an order enjoining defendant from pursuing the related litigation in

the California forum. Plaintiff contends that all of the issues can be resolved in the current forum and that it has a superior right to its choice of forum as the plaintiff in the first-filed action.

 "A Federal District Court which first obtains jurisdiction of parties and issues may preserve its jurisdiction by enjoining proceedings involving the same issues and parties, begun thereafter in another Federal District Court." *Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 180 F.2d 97, 101 (10th Cir.), *cert. denied*, 340 U.S. 816, 71 S.Ct. 46, 95 L.Ed. 600 (1950); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir.), *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982) (court which first obtains jurisdiction should be allowed to first decide issues of venue). The court that first obtains jurisdiction must decide whether the suit pending before it will necessarily resolve the identical issues pending in the other court. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed.Cir.1990); *see also Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) (it is within trial court's discretion to enjoin declaratory judgment action pending in another district which involves issues that can be resolved in the action pending before it).

The key issue facing the court is which forum—Kansas or California—is the preferable forum for resolution of all issues presented by the parties in both cases. Defendant contends that instead of enjoining the prosecution of the California action, this court should transfer this action to California, or in the alternative, stay it pending resolution of the California action.

 In determining whether to transfer an action under 28 U.S.C. § 1404(a) the court must consider:

[t]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial;

difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine local questions of law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). To prevail in a motion to transfer, the moving party must show the balance of factors weighs heavily in favor of transfer. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992).

 Ortho argues that transfer to California is appropriate because the bulk of the witnesses and sources of proof are located in California. Further, Ortho contends that the licensing agreement between it and Dr. Arndt is governed by California law pursuant to a choice of law clause in the agreement. Finally, one of Ortho's causes of action is brought under California law.

Victor counters that California is not the preferable forum. Victor contends that many witnesses and experts are also located in Kansas. Victor asserts that it intends to call many dental professionals located in Kansas who conducted trials on prototypes of the device to establish that Ortho's former employees and consultants are not co-inventors. Further, Victor plans to call dental professionals and experts to testify regarding Ortho's sales of the product in Kansas which have given rise to the infringement suit.

Applying the factors described above to this case, the court concludes that Ortho has failed to meet its burden under § 1404(a). This action was the first to be filed. Victor is a Kansas corporation and Dr. Arndt is a Kansas resident. The alleged infringing sales occurred in Kansas. The convenience of the witnesses and location of the evidence does not lean heavily towards the California forum. The burden of litigating a patent infringement case in California would weigh more heavily on Victor and Dr. Arndt than on Ortho, which is a larger company. *See Peters v. Graber Industries, Inc.*, 1992 WL 420915 (D.Kan.) (consideration of financial

burden on the parties is proper in a § 1404(a) motion). Further, even though one of Ortho's causes of action is under California law, the bulk of the issues are governed by federal law.

■ The court concludes that resolution of the present suit would be necessarily dispositive of the issues of inventorship of the patent and shop rights raised in the California action. Ortho's causes of action are part and parcel of the patent infringement action presently before this court.

The plaintiff's choice of forum in the first-filed suit is entitled to great weight and should not be disturbed absent a strong showing by defendant. Defendant should not be allowed to manipulate the forum by commencing a separate action in California when the causes of action asserted involve the same patent at issue in the present action and can be resolved in the single suit before this court. *See Pullman Inc. v. W.R. Grace & Co.*, 437 F.Supp. 1062, 1064 (D.Kan.1976) (federal district court that first obtains jurisdiction may enjoin parties from pursuing second-filed suit to prevent misuse of litigation).

The court concludes that the parties' interests would be best served by prosecution of all issues in the suit presently before this court. The court sees no reason why the California action should not be stayed in the interest of judicial economy and to avoid piecemeal litigation. This forum is an appropriate one to adjudicate all issues presented in both suits.

Plaintiff's motion to enjoin is granted. Defendant Ortho is enjoined from proceeding in the California action against Victor and Dr. Arndt. The court further concludes that defendant's motion to transfer or stay this action is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to enjoin the defendant's second-filed California action (Doc. 2) is granted.

IT IS FURTHER ORDERED that defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) or, alternatively, to stay proceedings pending disposition of the related California action (Doc. 3) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**