**ED TOBERGTE ASSOCIATES, INC.**
**d/b/a Gear 2000, Plaintiff,**

v.

**ZIDE SPORT SHOP OF OHIO, INC.,**
**Pro–Line, Inc., Robert M. Zide, Rod-**
**ney M. Zide, Wilson Hunt Interna-**
**tional, Ltd. d/b/a Champro Sports**
**Equipment and United Athletic, and**
**Athletic Technology, Inc., Defendant.**

No. Civ.A. 99–2208–CM.

United States District Court,
D. Kansas.

Dec. 14, 1999.

Michael Yakimo, Jr., D.A.N. Chase, Gin-
nie C. Derusseau, Chase & Yakimo, Over-
land Park, KS, for Ed Tobergte Associ-
ates, Inc. dba Gear 2000, plaintiff.

John J. Jurcyk Jr., Jeanne Gorman Rau,
McAnany, Van Cleave & Phillips, P.A.,
Kansas City, KS, for Zide Sport Shop of
Ohio, Inc., Pro–Line Inc, Robert M. Zide,
Rodney M. Zide, defendants.

J. Tyler Peters, Roger H. Templin,
Payne & Jones, Chtd., Overland Park, KS,
John P Fredrickson, Nilles & Nilles, S.C.,
Milwaukee, WI, for Wilson Hunt Interna-
tional, Ltd, dba Athletic Technology, Inc.,
dba Campro Sports Equipment and United
Athletic, defendant.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Ed Tobergte Associates, Inc.
(ETA) filed this action alleging four counts
of trademark infringement, and various re-
lated counts of unfair competition, breach
of contract, and tortious interference
against Zide Sport Shop of Ohio, Inc., Pro-
Line, Inc., Robert M. Zide, and Rodney M.
Zide (the Zide defendants); Wilson Hunt
International, Inc. (Hunt); and Athletic
Technology, Inc. (ATI). The matter is be-
fore the court on ETA's motion to stay
proceedings and for extension of time to
respond to the Zide defendants' motion to
dismiss. Because the first-to-file rule con-
trols the issues herein, ETA's motion to
stay proceedings is granted as qualified
below.

### I. PROCEDURAL HISTORY

In November 1998, ETA sent a demand
letter to Robert Zide outlining its allega-
tions. The parties exchanged correspon-
dence and engaged in various negotiations
in an attempt to foreclose litigation and
settle the matter. In March 1999—alleg-
edly while continuing settlement negotia-
tions—one or more of the Zide defendants
filed a declaratory judgment action in the
United States District Court for the South-
ern District of Ohio. Process was not

served on ETA until July 1999. On May 11, 1999 ETA filed this action and served process on the Zide defendants on May 23, 1999.

In early July 1999, the Zide defendants filed their first amended complaint in the Southern District of Ohio. The amended complaint included all Zide defendants as plaintiffs there, and substantially all claims at issue in this action. The Zide defendants obtained service of process on ETA in the Ohio litigation shortly after the first amended complaint was filed.

On July 2, 1999 the Zide defendants filed their motion to dismiss or transfer this action (Doc. 8) under Fed.R.Civ.P. 12. On August 4, 1999, the court entered its order, (Doc. 16), extending till August 23, 1999 the time for ETA to respond to the Zide defendants' motion to dismiss. ETA filed its motion to stay these proceedings and for an extension of time to respond to the motion to dismiss on August 23, 1999 (Doc. 20). The Zide defendants responded in opposition on September 7, 1999 (Doc. 22), and ETA replied on September 24, 1999 (Doc. 24).

## II. APPLICABLE LAW

■ As part of the inherent power to control its docket, the district court has the power to stay proceedings pending before it. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963); *Barton Solvents, Inc. v. Southwest Petro–Chem, Inc.,* 836 F.Supp. 757, 763 (D.Kan.1993). The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court. *Landis,* 299 U.S. at 254, 57 S.Ct. at 166; *Barton Solvents,* 836 F.Supp. at 763.

■ Federal courts have developed a general rule to apply to situations in which essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. The first-to-file rule provides that the court where jurisdiction

first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *See Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir.1965); *see, also Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161 (10th Cir.1982); *Custom Energy, LLC v. Liebert Corp.,* No. Civ. A. 98–2077–GTV, 1998 WL 295610 (D.Kan. June 2, 1998).

The principle underlying the rule is to avoid duplicative litigation, but it is not a hard and fast rule. *See, e.g. American Modern Home Ins. v. Insured Accounts Co.,* 704 F.Supp. 128, 129 (S.D.Ohio 1988). Substantial similarity in the parties and issues is sufficient to invoke application of the rule. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1485 (10th Cir. 1983).

## III. DISCUSSION

### A. Motion to Dismiss

The Zide defendants' motion to dismiss, (Doc. 8), will not be ripe for decision until the time to respond is past. However, the time to respond will not pass until the court decides ETA's motion for an extension of time to respond to the motion to dismiss, and either stays the proceedings or requires ETA to respond to the motion to dismiss.

If the court orders ETA to respond to the motion to dismiss and proceeds to decide that motion, there will be significant duplication of effort by the litigants, this court, and the Southern District of Ohio. Both courts will have to determine what effect the alleged bad faith and inequitable conduct of the Zide defendants should have on the ultimate issue of venue in the case. Both courts will need to interpret the contractual provisions under which ETA asserts the Zide defendants have waived objection to jurisdiction of this court and venue in this district. Both courts will have to determine the effect of

the contractual provisions at issue on the jurisdiction of each court. The Court finds that requiring ETA to respond to the Zide defendants' motion to dismiss will result in duplicative litigation and, as such, will not be required at this time. The Court orders that ETA must respond to the motion within ten days after it receives notice of the final termination of the Ohio action.

### B. Motion to Stay Proceedings

■ The Court finds that by granting ETA's motion to stay these proceedings, judicial economy will be served. Only one court, the one in which the action was first filed, will decide the duplicative issues of venue, interpretation of the contractual provisions for jurisdiction and venue, and the allegations of bad faith and inequitable conduct against the Zide defendants. A decision to stay the proceedings before this court will also substantially reduce the time and economic burden on the parties by eliminating the need to engage in similar but divergent discovery and motion practice before two courts simultaneously.

The Zide defendants assert this court does not have personal jurisdiction over them. ETA asserts that the Ohio court does not have subject matter jurisdiction over its case. The Zide defendants argue that the questions of jurisdiction and venue should be handled differently under the first-to-file rule. They appear to argue that because—in their view—this court does not have jurisdiction, it may not stay these proceedings. They cannot be arguing that the court does not have the inherent power to determine its jurisdiction. If that were so, any party could obtain a permanent stay merely by asserting the court's lack of jurisdiction in the case. Similarly, ETA may not argue that the Ohio court does not have power to determine jurisdiction in its case.

The immediate question before the court is not whether jurisdiction and venue are proper in the District of Kansas or the Southern District of Ohio, but which court should decide those issues. If jurisdiction were the controlling issue, a decision on jurisdiction could not be reached without duplicative litigation. In *Cessna Aircraft Co.* the Tenth Circuit noted that a challenge to the jurisdiction in the first court should not change the rule that the court which first obtained jurisdiction should have priority to decide the issues. *See* 348 F.2d at 692. The first-to-file rule is designed to control situations such as this. Either court has the power to decide the issues, but judicial economy requires that only one make the decision—the one in which jurisdiction first attached. This court follows the holding of the Tenth Circuit in *Cessna Aircraft Co.* and orders that all proceedings in this case be stayed pending final termination of the proceedings pending in the Southern District of Ohio, *Zide Sport Shop of Ohio, Inc., et. al. v. Ed Tobergte Associates, et. al.,* Civil Action No. C–1–99–217.

The Zide defendants cite a case in which the Southern District of New York determined that "the mere question as to whether personal jurisdiction existed 'suggests that the considerations of judicial economy require the case to be litigated first in California.'" (Def.s' Zide Sport Shop of Ohio, Inc., Pro–Line, Inc., Robert M. Zide, and Rodney M Zide, Opp'n to Pl.'s Mot. to Stay Proceedings and for Extension of Time to Resp. to Def.s' Mot. for Dismissal or Transfer (Doc. 22 at 4)) (citing *Columbia Pictures Indus., Inc. v. Schneider,* 435 F.Supp. 742, 748 (S.D.N.Y. 1977)). Apparently, the Zide defendants fail to realize that the Southern District of New York was the court in which the action was first filed. *See Columbia Pictures,* 435 F.Supp. 742. Therefore, it was required by the first-to-file rule to decide which court properly had venue.

The Zide defendants seem to be arguing that this court must first decide jurisdiction and their motion to dismiss because it is possible the Ohio court might dismiss the action, and this court might then determine it does not have jurisdiction over the defendants leaving a result that neither forum has jurisdiction. The mere fact that a court may find jurisdiction lacking does not change the first-to-file rule. If this

court first determines that it lacks personal jurisdiction, the Ohio court might later determined it lacks subject matter jurisdiction. Either way, the result is that the plaintiff in each action must seek relief from a court which has jurisdiction over the matter and the parties. That issue does not affect, and is not affected by, the first-to-file rule.

### C. Effect of Stay on Hunt

Hunt has not filed a response to ETA's motion to stay these proceedings. Under D.Kan.Rule 7.4 the motion may be summarily granted as unopposed. Considering the interests of judicial economy and the interest to ETA in tolling the statute of limitations while these proceedings are stayed, the court determines the benefits of a stay outweigh any burden on Hunt in delaying the decision of the issues.

**IT IS THEREFORE ORDERED** that plaintiffs motion for stay of proceedings is granted and that all proceedings in this matter before this court are stayed pending final termination of the proceedings pending in the Southern District of Ohio, *Zide Sport Shop of Ohio, Inc., et. al. v. Ed Tobergte Associates, et. al.*, Civil Action No. C–1–99–217.