**DAIMLER–CHRYSLER CORPORATION,**
Plaintiff,

v.

**GENERAL MOTORS CORPORATION,**
et al., Defendants.

No. 3:01CV7069.

United States District Court,
N.D. Ohio,
Western Division.

March 5, 2001.

David H. Bernstein, Debevoise & Plimpton, New York City, William M. Connelly, Connelly, Jackson & Collier LLP, Toledo, OH, Reginald S. Jackson, Jr., Connelly, Jackson & Collier LLP, Toledo, OH, Bruce P. Keller, Debevoise & Plimpton, New York City, Carl W. Oberdier, Debevoise & Plimpton, New York City, Steven R. Smith, Connelly, Jackson & Collier LLP, Toledo, OH, for DaimlerChrysler Corporation.

Timothy J. Abeska, Roemer & Mintz, LLP, South Bend, IN, Marshall A. Bennett, Jr., Marshall & Melhorn, Toledo, OH, Donald E. Knebel, Barnes & Thornburg, Indianapolis, IN, Joseph P. Lewis, Barnes & Thornburg, Washington, DC, for AM General Corporation.

Eugene Chay, Kirkland and Ellis, Washington, DC, Alexandra N. DeNeve, Kirkland and Ellis, Washington, DC, Sheri J. Engelken, Kirkland and Ellis, Washington, DC, Paul Garcia, Kirkland and Ellis, Washington, DC, Arthur Gollwitzer, Kirkland and Ellis, Washington, DC, John T. Hickey, Jr., Kirkland and Ellis, Washington, DC, James P Silk, Spengler Nathanson P.L.L., Toledo, OH, for General Motors Corporation.

**ORDER**

CARR, District Judge.

This is an action by plaintiff Daimler–Chrysler (Chrysler) for trademark infringement and dilution, unfair competition, deceptive trade practices, breach of contract, and cancellation of trademark registration. Pending are motions to dismiss filed by the defendants General Motors Corporation (GM) and AM General Corporation (AMG).

The gravamen of the motions to dismiss is that twelve minutes before Chrysler filed this suit, GM and AMG filed a declaratory judgment action in the United States District Court for the Northern District of Indiana in South Bend, Indiana. That suit arises from the same dispute that gives rise to Chrysler's complaint in this case, encompasses the same substantive facts and legal issues, and differs meaningfully

from this suit only in its procedural status as a declaratory judgment action.

■ In seeking to have this case dismissed, the defendants rely on the first to file rule, which allows, in effect, the winner of a race to the courthouse to select the forum in which the contest will be decided. *See Plough, Inc. v. Allergan, Inc.,* 741 F.Supp. 144, 147 (W.D.Tenn.1990) ("Absent special circumstances, when there are two competing lawsuits, the first filed has priority.").

Arguing against a mechanistic application of the first to file rule, the plaintiff points to cases such as my decision in *Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of America–UAW v. Dana Corp.,* No 3:99CV7603, 1999 WL 33237054 (N.D.Ohio Dec. 6, 1999) (*UAW/Dana*), in which I concluded that a corporation's declaratory judgment action in North Carolina, filed four hours before a union's suit in this court, had been filed in anticipation of the union's suit. Viewing the anticipatory filing of a declaratory judgment action as improper, I enjoined the corporation from proceeding with the North Carolina case. *Accord, Pakideh v. Ahadi,* 2000 WL 545896 (E.D.Mich. April 07, 2000) ("Courts have been especially willing to reject the first-to-file rule and dismiss a declaratory judgment action 'if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction.'") (*citing Buzas Baseball, Inc. v. Board of Regents of Univ. System of Ga.,* 189 F.3d 477, No. 98–4098, 1999 WL 682883 at *3 (10th Cir. 1999)) (*citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 749 (7th Cir.1987)).

■ Following briefing and argument on the motions to dismiss, I asked the parties to submit supplemental briefs on the preliminary issue of who should decide where this dispute will be heard. In the supplemental briefs, all parties urge that, having received their briefs and heard their arguments on the motions to dismiss, I should adjudicate those motions, rather than having them submit the issue to the District Judge in the Northern District of Indiana before whom the declaratory judgment action is pending. In support of their request that I rule on the motions to dismiss, the parties express concerns with judicial economy, duplication of effort and expense, and delay.

Despite those concerns, I am firmly persuaded that the most appropriate approach is for the court where a complaint is first filed to determine which case should go forward. This approach is supported by a body of case law that directs the court which first obtained jurisdiction to determine whether it should retain the case or let it proceed in the court of second filing.

In *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,* 542 F.Supp. 1317, 1320 (S.D.N.Y.1982), the court noted that whether there are special circumstances justifying disregarding the first to file rule is "the pivotal issue." Stating further that "[t]he issue as to which court should determine whether special circumstances exist is critical," *id.,* the court held that "the district court hearing the first-filed action should determine whether special circumstances dictate that the first action be dismissed in favor of a later-filed action." *Id.* at 1321.

Subsequent cases have followed *Donaldson, Lufkin* where, as in that case, dispositive motions were pending concurrently in both the first-filed and second-filed cases.[1]

---

1. The pendency of concurrent motions to dismiss is not dispositive. The plaintiff, for whatever reason, filed its opposition to the defendants' motions to dismiss, which they filed in this court the day after plaintiff filed its complaint. Plaintiff did not, and, apparently, has not yet, filed a motion to dismiss in the Northern District of Indiana.

As noted *infra,* defendants' filing here of a motion to dismiss on the day after plaintiff's complaint was filed, rather than waiting to see if plaintiff filed a motion to dismiss the case which they brought in the Northern District of Indiana, is a kind of derivative forum shopping, which I decline to endorse by proceeding to decide the motions to dismiss that are pending here.

*Estee Lauder, Inc. v. Dun & Bradstreet Software Servs., Inc.*, 987 F.Supp. 221, 223–24 (E.D.N.Y.1997); *Aloha Leasing, a Div. of Bennett Funding Groups, Inc. v. Craig Germain Co.*, 644 F.Supp. 561, 566 (N.D.N.Y.1986) ("the district where the action is filed first should generally determine whether the first action should be permitted to proceed or should be dismissed or stayed in favor of the later-filed action."); *British Telecommunications plc v. McDonnell Douglas Corp.*, 1993 WL 149860, *3 (N.D.Cal. May 3, 1993).

Courts confronted with requests to allow second-filed substantive actions to proceed in place of first-filed declaratory judgment complaints have also held that "[w]here two identical actions are filed in courts of concurrent jurisdiction the court that first acquired jurisdiction should try the lawsuit." *Fidelity Bank v. Mortgage Funding Corp. of America*, 855 F.Supp. 901, 903 (N.D.Tex.1994) (*citing Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir.1982) (declaratory judgment action by bank to determine whether it properly terminated loan agreement)).

This approach has also been taken where the first-filed case was a declaratory judgment patent action. *Ontel Prod., Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 n. 9 (S.D.N.Y.1995) ("[c]ase law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies."). The court noted that the patent-holder's second-filed infringement action had been held in abeyance pending determination by the first-filing court of the dispute about the proper forum. *Id.* at 1147; *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 406 (5th Cir.1971) ("In the absence of compelling

circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."); *Victor Co., L.L.C. v. Ortho Organizers, Inc.*, 932 F.Supp. 261, 263 (D.Kan.1996) (patent dispute); *Weber–Stephen Prods. Co. v. Ivy Mar Co., Inc.*, 1994 WL 11711 (N.D.Ill. Jan. 13, 1994) (unspecified intellectual property dispute).[2]

A first-filed declaratory judgment copyright complaint has been treated in the same manner. *PAJ, Inc. v. Yurman Design, Inc.*, 1999 WL 68651, *2 (N.D. Tex. Feb 9, 1999) (first filing court had "responsibility to determine which case should proceed."). The court of first filing has been held to be the proper place to resolve a first to file dispute in a case, like the instant suit, involving a trademark dispute. In *Ed Tobergte Assoc., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F.Supp.2d 1197, 1198 (D.Kan.1999) ("[t]he first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate.").

In several cases in this district, including *Scott & Fetzer Co. v. McCarty*, 450 F.Supp. 274 (N.D.Ohio 1977); *Armour & Co. v. Minnesota Min. & Mfg. Co.*, 252 F.Supp. 894 (N.D.Ohio 1966); *Ashland Oil & Refining Co. v. Hooker Chem. Corp.*, 51 F.R.D. 512, 515 (S.D.Ohio 1970), and other districts in the Sixth Circuit, *Kmart Corp. v. Key Indus., Inc.*, 877 F.Supp. 1048 (E.D.Mich.1994); *L. Perrigo Co. v. Warner–Lambert Co.*, 810 F.Supp. 897 (W.D.Mich.1992); *Plough, Inc. v. Allergan, Inc.*, 741 F.Supp. 144 (W.D.Tenn.1990), first to file disputes have been resolved by the court in which the first action was

---

**2.** The Federal Circuit has, however, held that the first to file rule will be applied more rigorously in patent cases to enable alleged infringers to relieve themselves of the uncertainty that can result from a patent-holder's delay in filing suit, and, as well, in view of the consideration that all appeals in patent cases go to that court, thereby reducing the impetus

to forum-shop. *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed.Cir.1993). Consequently, decisions involving a race to the courthouse between a declaratory judgment plaintiff and a patent holder probably are not of much precedential value except in patent cases.

filed, though without discussion of the basis for their having done so. But I have found no case in which a court that has considered the issue has concluded that the second-filing court should—as I have been called on to do—arrogate that decision to itself.[3]

Leaving the decision of the first to file dispute to the court in which the first case was filed makes good sense, as it establishes a bright line rule, which is as easy to apply as it is to understand.

In addition, this approach prevents the kind of derivative forum shopping in which the defendants are engaging with their effort to have me decide the propriety of their first-filed declaratory judgment action. As their briefs and arguments make clear, the defendants believe that this circuit applies the first to file rule rigidly (*i.e.*, in their favor), while the Seventh Circuit is less receptive, if not hostile, to first-filed declaratory judgment actions. *Compare Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957) (holding, without discussion, that a first-filed declaratory judgment action was properly allowed to proceed, as "a matter clearly within the discretion of the district judge") *with Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987) (trial court should dismiss declaratory judgment action filed in anticipation of suit by other party). Having selected their forum of preference for their suit, the defendants should not be allowed to choose some other forum in which to have the legitimacy of their action assayed.

It is also more appropriate, as a matter of judicial comity, for the court of first filing to determine whether to retain or relinquish jurisdiction, rather than leave it to the court of later filing to make that decision. *See Yurman Design, supra*, 1999 WL 68651, *2 ("[t]he federal courts have long recognized that the principle of comity requires federal district courts— courts of coordinate jurisdiction and equal

rank—to exercise care to avoid interferences with each other's affairs."). As a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first-filing, rather than vice-versa.

I find the parties' concerns about judicial economy, duplication of effort and expense, and delay unpersuasive. The expenditure of judicial resources—namely, my own—is, of slight consequence, as that expenditure has been relatively minimal. In any event, I find little "economy" in the prospect of doing work that other courts uniformly have concluded should be done by someone else.

There will undoubtedly be some duplication of effort and expense for the parties. Compared with what surely will be invested over the long haul, that duplication is meaningless. Declaring a false start after the first few steps of a marathon can have no effect on anyone's stamina or staying power.

The delay that has been incurred—three weeks from filing to this decision—is regrettable, but also rather slight, and certainly not fatal. Plaintiff can and should file a dismissal/transfer motion in the Indiana case. Thereafter, the parties can impress on that court, as they have here, the need for prompt resolution of this preliminary issue. In the meantime, the parties can implement Fed.R.Civ.P. 26, and otherwise begin discovery by agreement without delay, or waiting for a ruling from my colleague in Indiana.

It is, therefore,

ORDERED THAT further proceedings in this case be, and the same hereby are stayed, except such discovery as the parties may agree to commence, pending adjudication of a motion by Chrysler to dismiss or stay the concurrent proceedings

---

**3.** In the *UAW/Dana* case, *supra*, I decided which case was to proceed, although the union's suit was filed here after the company

had filed its suit in North Carolina. In that case, however, the question of the proper forum for making the decision did not arise.

pending in the Northern District of Indiana.

So ordered.