## KIMBERLY–CLARK CORP., et al., Plaintiff,

v.

## MCNEIL–PPC, INC., Defendant.

### No. 03–C–156.

United States District Court, E.D. Wisconsin.

April 30, 2003.

Daniel T. Flaherty, Godfrey & Kahn, Appleton, WI, Mark T. Banner, Allegretti & Witcoff, Chicago, IL, for Plaintiff.

David R. Cross, Quarles & Brady, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

GRIESBACH, District Judge.

This patent infringement action is before me on defendant McNeil–PPC's motion to transfer the case to District of New Jersey where a "mirror action" case is pending, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, I conclude that the determination of which case should proceed should be made by the New Jersey District Court where the matter was first filed. I therefore will stay the matter before me until that court decides whether to proceed on the claims that are common to both actions.

## BACKGROUND

The issues presented by McNeil's motion for transfer require analysis of the familiar situation in which both parties have filed suit against each other, and both cases are pending in different districts. Though such occurrences are common enough, the procedural facts presented here are somewhat more nuanced. Plaintiff Kimberly–Clark and other affiliated plaintiffs (collectively, "K–C") filed this action (the "Wisconsin action") in the Eastern District of Wisconsin on February 26, 2003. The complaint alleges that defendant McNeil–PPC infringed on three of K–C's patents, referred to as the "Romans–

Hess" patent, the "Meyer" patent, and the "Kellenberger" patent.

One week earlier, however, McNeil had filed an action in the District of New Jersey, No. 03–CV–852, alleging that K–C had infringed one of McNeil's patents. The complaint also sought a declaratory judgment that McNeil did not infringe K–C's Romans–Hess patent or that such patent was invalid. After being served with the Wisconsin action, McNeil amended its New Jersey complaint to include declaratory judgment claims of non-infringement on both the Meyer and Kellenberger patents as well. Thus, the Wisconsin action is now a "mirror image" action of three of the New Jersey claims.

On March 19, McNeil moved to transfer the Wisconsin action to the District of New Jersey. McNeil argues that it was the first to file its action and that this case should be transferred to New Jersey so the cases can be consolidated. Kimberly-Clark, however, argues that only McNeil's infringement claim concerning its own patent is entitled to first-filed status. K–C argues that because the New Jersey District Court lacked subject matter jurisdiction over McNeil's claim for declaratory relief concerning K–C's Romans–Hess patent at the time its original complaint was filed, and because McNeil failed to name a necessary party as to that claim in the original complaint, the action K–C filed in this court is the first "properly filed" action relating to any of K–C's patents. Moreover, because McNeil's claim involving K–C's Romans–Hess patent is merely a claim for declaratory relief filed in anticipation of K–C's own lawsuit, K–C argues it would not be entitled to priority in any event since such lawsuits are not favored by courts. Finally, even though McNeil's action was *filed* first, its claims based on the Meyer and Kellenberger patents were added by means of an amended complaint filed *after* K–C's complaint was filed. As

such, K–C contends, they are not entitled to the first-to-file deference, and K–C's own action for damages should remain in this district. In effect, K–C argues that McNeil's claim for infringement of its patent should be heard in New Jersey and K–C's claims for infringement of its patents should be heard in Wisconsin.

## ANALYSIS

The anticipatory filing exception to the first-filed rule has typically been applied when the first suit filed is one for declaratory relief seeking a determination that the plaintiff is not liable on a disputed claim on which the other party is about to commence suit. *See, e.g., Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746 (7th Cir.1987). Here, the parties were engaged in lengthy negotiations and had already hired two patent experts to assist in their mediation. Thus, it might be true that McNeil's claim for declaratory relief concerning K–C's Romans–Hess patent could be considered an "anticipatory filing" that should not be entitled to as much deference as a more typical action, although I note that that claim is combined with a claim for infringement of McNeil's own patent which K–C concedes was properly filed in New Jersey.

I also note that the Federal Circuit does not follow the Seventh Circuit's *Tempco* analysis. *See Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 937 (Fed.Cir.1993), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.") K–C also argues somewhat convincingly that several witnesses are located in Wisconsin and that Wisconsin

might ultimately be a more convenient forum for the resolution of its patent disputes.

Thus, the parties frame the issue simply as a determination of whether the first-to-file rule should apply and which forum is more convenient for § 1404 purposes. The threshold issue to be decided, however, is not whether the first-to-file rule should apply, but which of the two courts in which the "mirror image" actions are pending should decide whether it will be applied. On that issue, the case of *Daimler–Chrysler Corporation v. General Motors Corp.*, 133 F.Supp.2d 1041 (N.D.Ohio 2001), is instructive.

In that case, the court issued a stay of proceedings in a trademark infringement action in response to a motion to dismiss so that a District Court in another State could decide whether an earlier filed declaratory judgment action should proceed. Notwithstanding the fact that the plaintiff in the case before it (and defendant in the earlier filed action) had not even sought dismissal of the other action, the court in *Daimler–Chrysler* held that it was for the court with the first-filed case to decide which should proceed. In so ruling, the court noted that there existed a body of case law supporting such a rule, and it "found no case in which a court that has considered the issue has concluded that the second-filing court should—as I have been called on to do—arrogate that decision to itself." 133 F.Supp.2d at 1044. The court also noted that "[l]eaving the decision of the 'first to file' dispute to the court in which the first case was filed makes good sense, as it establishes a 'bright line rule', which is as easy to apply as it is to understand." *Id.* Finally, the court noted, such a rule was consistent with the principles of comity that should exist between all courts:

It is also more appropriate, as a matter of judicial comity, for the court of first filing to determine whether to retain or relinquish jurisdiction, rather than leave it to the court of later filing to make that decision. *See [PAJ, Inc. v.] Yurman Design, supra,* 1999 WL 68651, *2 [(N.D.Tex. Feb.9, 1999)]* ("[t]he federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interferences with each other's affairs.") As a matter of comity among equals, the second judge to get a case should accede to the decision of the court of first-filing, rather than vice-versa.

*Id.*

*See also Dillard v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 961 F.2d 1148, 1161 n. 28 (5th Cir.1992).

The situation here is somewhat complicated by the manner in which the two "mirror image" actions arose. Here, the first-filed action was only prior in time with respect to one claim-the Romans–Hess patent, that the two actions have in common. And, as noted above, K–C argues that the District Court in New Jersey lacked subject matter jurisdiction over that claim and that McNeil initially failed to join a necessary party, namely, Kimberly–Clark Worldwide, Inc., the holder of that patent. Thus, K–C argues, the action it filed in Wisconsin for infringement of the Romans–Hess patent is the first properly filed. Furthermore, the other two claims were added by McNeil only after being served with K–C's Wisconsin action. K–C argues that these two claims cannot rightly be considered "first filed" in any event because they were added after its own claims for damages.

The issue, however, is not which of the claims was filed first, but rather which action was filed first. And as to that issue there is no dispute. The action McNeil

commenced in New Jersey District Court was filed first. If, as K–C contends, the claims relating to its patents are not properly joined to McNeil's claim for infringement of its own patent, or are otherwise defective, K–C is free to seek severance or dismissal of those claims in that action. If they are severed, this court will willingly accept a transfer of venue. If dismissed, I will proceed on the action before me. However, it would be inappropriate for me to rule that a claim filed before another court is either improperly joined or defective. That is a determination for the court before which the case is pending to make.

If, as K–C's argument implies, each court were to determine as to each claim in the action before it whether it was filed first and whether to allow it to proceed in this court, it would unduly complicate what should be a purely procedural threshold issue. Under the analysis set forth above, for example, I would have to undertake a § 1404(a) analysis with respect to K–C's Meyer and Kellenberger claims while leaving the determination on the Romans–Hess claim up to the New Jersey judge. This bifurcation would only serve to obfuscate matters even further and would not serve any useful purpose. Furthermore, accepting such a distinction would sanction additional procedural fencing. For example, if the second-filed party wanted to defeat the first-filed rule under similar circumstances, it need only add an additional claim to its complaint, i.e., a claim not present in the other party's first-filed action. It would then be able to argue that its new claim should be considered separately from any claims filed by the other side. This would lead to disjointed litigation and would thwart any semblance of judicial economy or efficiency.

Accordingly, I am satisfied that when at least one claim in a first-filed action "mirrors" claims brought in a later-filed action, the determination of which case should go forward must be left to the judge in the first-filed action. *See* 8 Donald Chisum, *Chisum on Patents* § 21.02[4][b] ("The priority rule relates to the date of the filing of the action between the parties, not the date when the issues were added by amendment to the pleadings or otherwise.") This holding does not change the factors to be considered by a court in determining which case goes forward, of course. It simply means that where identical, or nearly identical, actions are pending before two courts, it is the court in which the action was first filed that makes the determination of which court is to hear the case. It is the judge in the first-filed case to whom deference is owed. Thus, K–C should file a motion for transfer or dismissal in the New Jersey case if it wants to proceed with its claims here in the Eastern District of Wisconsin. *See* 8 Donald Chisum, *Chisum on Patents* § 21.02[4][b]("If the second-filed court is demonstrably more convenient for the parties and witnesses, a motion to transfer under § 1404(a) should be addressed to the first-filed court.")

Accordingly,

**IT IS ORDERED** that this case will be **STAYED** pending a determination in the New Jersey case, and

The parties must file a joint status report with this court within 120 days of the date of this order.